ALBANY,
Oct. 1828.

Skinner
*ads.*
Powers.

Skinner *ads.* Powers.

This was an action for a *libel*, tried at the Cayuga circuit in June, 1827, before the Hon. Samuel Nelson, one of the circuit judges.

The declaration, after stating, by way of inducement, that at the time of the publication complained of, the plaintiff was agent of the state for escheated lands, to examine into titles, obtain testimony and superintend suits, for which he received a salary, and had the disbursement of large sums of money in the prosecution of such suits; that on the 15th March, 1825, a resolution was passed in the house of assembly, calling on the commissioners of the land-office for a report in relation to escheated lands, the agents employed, their compensation, the money expended by them, the number of suits brought, &c. &c.; that in compliance with such resolution, a report was made, and that on the 6th April, 1825, another resolution was passed by the assembly, directing the comptroller to report the items of all the accounts theretofore rendered and allowed, and all the claims made upon the state by the agent employed, in relation to escheated lands; and that the comptroller made a report, setting forth the items—proceeded to set forth the libel, which commenced as follows : " I shall now proceed to lay before the public the rumors and reports in circulation, relative to the accounts and conduct of Gershom Powers, (the agent for the escheated lands,) before the call was made for the items, and submit to the enlightened reader, to judge whether they were not sufficiently numerous to authorize the resolution, calling for Mr. P.'s accounts, in order, if he was innocent, to give him a chance to vindicate himself, and if guilty, to suffer the indignation of an injured people. *First*, that," &c. (specifying one rumor, and particularizing, in like manner, five several other rumors which were in circulation, in relation to the plaintiff;) and by *inuendoes*, charged the defendant with intending, by the publication, to represent the plaintiff as hav-

In an action for a *libel*, the publication in a newspaper of rumors is not justified by the fact, that such rumors existed; the fact may be given in evidence in mitigation, but not in *justification*. A charge in a libel is not justified by proof of misconduct of a similar character. The justification must be as broad as the charge and proof of the truth of one out of many charges, does not constitute a justification.

ing corruptly and fraudulently rendered accounts of monies as expended in the service of the state, which were not so expended, &c.

The defendant pleaded the general issue and a special plea, in which he averred, 1. That such rumors and reports were in circulation as were set forth in the publication, specifying them in the plea ; 2. That certain facts set forth at large, corresponding with the rumors, were true ; and 3. That the plaintiff, in three particulars not mentioned in the publication, had charged the state with monies expended in the public service, whereas such monies were expended for his own benefit. Replication, *de injuria sua propria absque*, &c. ; concluding to the country, and adding a similiter.

The publication was produced in court, printed in a public journal or newspaper, and admitted by the defendant. The plaintiff then proved that he was the agent of the state for escheated lands, at a salary of $1000 per annum, and rested.

The defendant produced the accounts of the plaintiff, as rendered to the commissioners of the land-office, and reported by the comptroller to the legislature, and offered to prove, in *justification* of the publication, that previous to the last resolution of the house of assembly, calling on the comptroller for the items of the plaintiff's account, there were such rumors and reports in circulation, as those mentioned in the second plea ; to the admission of which evidence in justification, the counsel for the plaintiff objected. The judge rejected the evidence, and the defendant excepted. In a subsequent stage of the cause, when the same evidence was offered in *mitigation* of damages, the counsel for the plaintiff admitted that there were such rumors and reports in circulation as stated in the publication and plea. The defendant further offered to prove, in support of the *third* branch of his plea, that the plaintiff had hired, of one John Legg, a waggon and harness to visit his friends in Vermont ; that he went the visit ; that Legg was paid $20 for the use of the waggon and harness, and the amount charged to the state. And further, that the plaintiff paid one A. Gridley two several sums of $1 each, for drawing off his accounts against the state, and charged the same to the state ; (neither of which facts were

ALBANY,
Oct. 1828.

Skinner
*ads.*
Powers.

charged in the publication.) The evidence was objected to, rejected, and the defendant excepted. The defendant then proved, that the plaintiff kept a horse at a livery stable, from September, 1822, to May, 1823, and the expense of his keeping was charged to the state; that whilst the horse was so kept, the plaintiff went twice or thrice to Albany in a stage, and charged the stage fare to the state. (One of the rumors specified in the publication, was, "that large and extravagant charges were made against the state for horse shoeing, keeping, &c.") The plaintiff proved by the late attorney general, and the present attorney general, commissioners of the land office, his fidelity as a public officer, and explained the transaction in relation to the horse, by shewing that the charges were at the ordinary rate, and that the horse was kept with the approbation of the commissioners of the land office.

The judge charged the jury, that unless the defendant had substantiated each distinct charge contained in the libel, the plaintiff was entitled to a verdict; and that the proof of the truth of one of the charges in the libel, was insufficient to entitle the defendant to a verdict. The defendant excepted to the charge. The jury found for the plaintiff, with $300 damages.

*J. L. Wendell*, for the defendant, moved to set aside the verdict. The publication complained of, is *not* a libel. It is a discussion of a *legislative* proceeding, relative to the conduct of a public officer. "Any one may discuss the proceedings of parliament, even after they have become final, and express doubts as to their wisdom and policy." (*Holt's Law of Libel*, 135.) If so, *a fortiori*, may they be approved and justified. Such must be construed to have been the object of the writer. There had been an inquiry into the conduct of the plaintiff by the legislature, who probably, or some members thereof, had been censured for instituting that inquiry. To vindicate the legislature from having acted unadvisedly, this writer appeals to the public, and shews the rumors and reports which were in circulation relative to the conduct of the plaintiff, before the call was made for the

items of his account. These rumors and reports were not fabrications, creations of the brain of the writer unheard of until this publication, but admitted by the plaintiff's counsel to have been in circulation. They were, therefore, part of the *res gesta* to be taken into consideration, in judging of the wisdom, policy and justice of the legislature. The motive of the defendant was pure. But had it been otherwise, it was not inquirable into, the presumption of law being conclusive in favor of his innocence of intention. (*Starkie on Slander*, 172, 174, 201.) Impartial and correct accounts of the proceedings in parliament, or in the courts of justice, do not, in legal contemplation, amount to a wrong, so as to render the party publishing them, either civilly or criminally responsible. (*Starkie on Slander*, 195.) In the case of *The King* v. *Wright*, (8 *T. R.* 298,) Lawrence, J. says, " It is of vast advantage to the public, and to the legislature itself, that true accounts of their proceedings should be generally circulated. The general advantage more than counterbalances the inconvenience to individuals ; and this advantage would be lost, if no person could publish their proceedings without being punished as a libeller." (See also 2 *Campb. N. P.* 571, *The King* v. *Fisher and others.*) The only restriction upon the right of publication of legislative or judicial proceedings, and discussions in relation to them, is, that the accounts of such proceedings shall be a fair and true statement, not discoloured or garbled, nor mixed with comments and insinuations calculated to asperse the character of those concerned ; (*Starkie on Slander*, 198 ; 7 *East*, 504 ; 7 *Johns. R.* 272 ;) and that the discussions shall be conducted fairly, with moderation and decency, and not made an occasion for slander and defamation. It is not contended that the defendant had a right to shew the existence of rumors and reports in justification, only so far forth as such rumors and reports were connected with the legislative proceeding, or forming the probable basis of that proceeding. For that purpose, it is insisted, that the evidence offered was admissible, and ought to have been received.

The fact of the defendant having plead that the rumors were *true*, and failing in the proof of his plea, does not entitle

the plaintiff to sustain his action, if, independent of such plea, the defendant was entitled to a verdict; for the plaintiff must recover, if at all, on a cause of action existing before the suit was brought. (*Cro. Eliz.* 416. 3 *Caines,* 77.)

The evidence offered, as to the monies paid Legg and Gridley, was admissible under the state of the pleadings. Issue had been taken on the plea, and the judge was bound to try the issue. The plaintiff having treated it as a legal plea, and gone to trial upon it, cannot allege any thing against it. (2 *Tidd's Pr.* 829. 2 *Johns. R.* 183.)

The judge erred in his charge to the jury. The publication, if considered as a libel, is but *one charge,* imputing to the plaintiff improper and corrupt conduct, with various *specifications.* The proof of one specification, justifying the general charge, would support the charge. The judge, therefore, erred in instructing the jury, that the proof of the truth of one of the charges was insufficient to entitle the defendant to a verdict.

*J. Porter,* for plaintiff. It is no justification in an action for a libel, to prove that rumors and reports were in circulation previous to the publication of the libel of the same nature with those charged in the libel. (*Dole* v. *Lyon,* 10 *Johns. R.* 449.) The testimony in relation to the hiring of Legg's waggon, and the writing done by Gridley, was properly rejected; these matters formed no part of the imputation contained in the libel. If a defendant would justify the charge contained in a libel, he must prove the truth of the matter as it is laid, and he cannot set up a charge of the same thing, but distinct as to the subject matter. (11 *Johns. R.* 38.) The charge of the judge was correct; for it would be no justification of the defendant for imputing to the plaintiff corruption in the discharge of the duties of his office, to prove that large sums had been charged by the plaintiff for horse-keeping, so long as they were actually paid out by him, and proved to be charged at the ordinary rate. That part of the charge in which the judge said, that unless the defendant had substantiated each distinct charge contained in the libel, the plaintiff was entitled to a verdict, &c. was merely an incidental re-

mark, and did not arise from, nor have any application to any part of the testimony given at the trial. But if relevant, the judge correctly charged the jury; for the matter alleged in the justification to be true, must, in every respect, correspond with the imputation complained of in the declaration. (*Starkie on Slander*, 327, 342.)

As to the general question whether the publication in this case is a libel or not, it cannot be discussed, as it does not arise upon the bill of exceptions; no such exception was taken at the trial, and the court will look only at the points raised by the bill. It is sufficient however, to say, that the plea of justification admits the libel, that the defendant failed in supporting his plea, and that the jury, by their verdict, have found the publication a libel.

*By the Court,* SAVAGE, Ch. J. It cannot surely be necessary to go into an examination of authorities to shew, that the publication in a newspaper of rumors, is not justified by the fact that such rumors existed. It is proper in mitigation, and in that way the defendant had the benefit of it. The law relating to the publication of a true history of legislative or judicial proceedings, has no connection with this case. Had the defendant simply published the resolutions of the assembly, and the discussions in that house, he would have been within the cases cited.

On the second question, there is no more doubt. A charge of misconduct of a specified kind, is not justified by proving the plaintiff guilty of misconduct of a similar character. If the plaintiff is charged with perjury in the libel, the defendant cannot prove him guilty of larceny.

Nor can I doubt of the correctness of the judge's charge, when he stated that the defendant's justification must be as broad as the charge; and that proof of the truth of one out of many charges did not constitute a justification. Such a circumstance would have its effect in mitigation; but the defendant charges the plaintiff in the libel with six different acts of misconduct. In his plea, he justifies them all, and says upon the record, that they are all true; and several more are inserted in the plea. Nothing can be more clear,

than that proving one charge out of the six, does not verify his plea. I am therefore of opinion that a new trial be denied.