NEW-YORK,
May, 1838.

Stilwell
v.
Barter.

## STILWELL vs. BARTER.

A charge of smuggling goods into the country is libellous.

It is no answer to a libel charging a party with having been actively and profitably engaged in smuggling during the period of the late war, that he had violated the revenue laws in a single instance previous to the war and in a time of peace; the justification, to be efficient, must be as broad as the libel.

DEMURRER to plea. Action for a libel on the plaintiff, who, at and before the time of publication, was *deputy collector* of the port of Ogdensburgh, and *inspector of the customs* for the district of Oswegatchie. After the usual introduction, the *first count* set forth with proper innuendoes, part of an article published in the St. Lawrence Republican (which was referred to in the defendants's publication) as follows : " The principal object if not the only one with those who are agitating this question through the medium of the Times is, to render the revenue laws of our country and those who execute them, obnoxious to the people, in order to encourage smugglers and give them countenance in their operations. The same principle and spirit was actively in operation on this frontier during the late war, and such was the estimate which a large portion of community entertained on this subject, that it was thought a clever affair to defraud the government, and commendable to aid those engaged in the illicit trade. Indeed, opposition to the laws of our country went still further, and many were not only engaged in smuggling goods into the country, but made a profitable business by supplying the armies of our enemies with provisions, thus aiding them in attempting to subvert and overthrow the liberties of our country." The count then proceeded to state ,that the defendant published in a paper called the *Times*, of and concerning the plaintiff as such deputy collector, &c., and of and concerning the aforesaid article in the Republican, (with all proper averments and innuendoes to point the application) the false, scandalous, malicious, defamatory and libellous matter following : " I do

not like the spirit of personality which pervades the second paragraph of the first editorial article of the last Republican. The paragraph refers undoubtedly to the deputy inspector of the customs of this district, Smith Stilwell. He will not deny that he has been actively and profitably engaged in a particular kind of dry goods business, and it is supposed that he received the appointment of inspector on account of his intimate knowledge of the old smuggling haunts and by-paths. At the period to which I refer of the late war, the judge was also a member of the Washington Benevolent Society." The *second* count was substantially like the first. The *defendant* pleaded a special plea to both counts, in substance as follows : *Actio non,* &c. because he says that the plaintiff, intending to import goods contrary to and in violation of the laws of the United States, before the publication of the supposed libel, to wit, on the 16th February, 1812, at Oswegatchie, to wit, at Montreal, in the province of Lower Canada, purchased a large quantity of dry goods, (enumerating the articles,) and on the 28th February, in the year aforesaid, caused the said goods to be brought and transported ont of the province of Canada in the night time into the United States, at, &c. ; and that the plaintiff, with intent to violate the laws, and for the purpose of making a speculation, &c. did smuggle and cause to be smuggled the said goods from Canada in the night time, without entering the same or paying duties ; and that the plaintiff, with like intent, caused the said goods to be transported to Albany and deposited with an auctioneer; that they were sold at auction at a great profit beyond the cost, and the duties were not paid, &c. ; and that the plaintiff, at the period of the late war referred to, was a member of the Washington Benevolent Society &c., concluding with a verification. *Special demurrer* and *joinder.*

S. *Stevens,* for plaintiff.

J. A. *Spencer,* for defendant.

*By the Court,* BRONSON, J. The plea contains a good deal of irrelevant matter, which might better have been omitted ; but mere surplusage will not vitiate the pleading.

It cannot be denied that the publication in the Times imputes to the plaintiff so much, at least, of the misconduct mentioned in the previous article in the Republican as relates to the smuggling of goods during the late war. After mentioning that article, the defendant says, " the paragraph refers undoubtedly" to the plaintiff ; and it is immediately added, " He will not deny that he has been actively and profitably engaged in a particular kind of dry goods business, and it is supposed that he received the appointment of inspector on account of his intimate knowledge of the old smuggling haunts and by-paths." The defendant proceeds to state that he referred to the same time which had been mentioned in the Republican article, to wit, the period of the late war. I shall not stop to inquire whether the defendant's publication necessarily imputes to the plaintiff " the same principle and spirit" which are said to have been in operation during the late war ; whether it charges him with having attempted " to render the revenue laws of our country and those who execute them obnoxious to the people, in order to encourage smugglers, and give them countenance in their operation," nor whether the plaintiff is charged with the more serious offence of having " made a profitable business by supplying the armies of our enemies with provisions, thus aiding them in an attempt to subvert and overthrow the liberties of our country." On the most favorable construction that can be given to the libel, it charges the plaintiff with having been engaged in smuggling goods into the country from Canada during the period of the late war ; that he was so engaged, not in a single instance only, but as a business or pursuit. The language is, " he has been *actively and profitably engaged* in a particular kind of dry goods *business,*" and thus acquired an " *intimate knowledge* of the old smuggling haunts and by-paths." It is also charged, in effect, that the plaintiff received his appointment to office on account of the intimate knowledge

VOL. XIX. 62

NEW-YORK,
May, 1838.

Stilwell
v.
Barter.

NEW-YORK,  which he had acquired in that business of the old smuggling
May. 1838.   haunts and by-paths.

Stilwell        The plea contains no answer whatever to the charge that
v.         the plaintiff was engaged in *smuggling during the period of*
Barter.     *the late war.* It only alleges a single violation of the laws
of the United States in February, 1812—several months
before war was declared. There are several shades of dif-
ference between a mere transgression of the revenue laws
of the country in time of peace, and an illicit intercourse
with the public enemy in time of war; and the defendant
must justify the charge which he has made. It is not enough
to show that the plaintiff has been guilty of some improper
conduct, other than that which is imputed to him. *Andrews*
v. *Vanduzer,* 11 Johns. R. 38. *Skinner* ads. *Powers,* 1
Wendell, 451.

The plea contains no answer to the charge that the plain-
tiff received his appointment to office on account of his
intimate knowledge, acquired by smuggling, of the old
smuggling haunts and by-paths. It professes to answer the
whole libel, and is clearly bad for only answering a part.

The plea is also bad, for the reason that the justification
is not so broad as the charge. The charge is, in effect, that
the defendant had been actively and profitably engaged in
smuggling *as a business ;* and the justification is, that he had
on *one occasion* smuggled goods. In *Sterling* v. *Sherwood,*
20 Johns. R. 204, the charge was, that the plaintiff had
*trafficked* in human flesh. The court said that this imputed
to the plaintiff the *habit* of buying and selling slaves; and
the plea, which alleged that the plaintiff owned and had two
slaves in his family, one of which he purchased for $200,
was held to be no answer to the charge. *Skinner* ads.
*Powers,* 1 Wendell, 451, asserts the same principle. Any
one may publish the truth of another, however much it may
affect his reputation ; but he must take care not to make the
charge broader than he can justify.

                         Judgment for the plaintiff.