The following are the opinions at special term :
Beach, J.
The defendant’s demurrer to the third, fifth and eighth causes of action, because insufficient in statement of facts to constitute a cause of action, must be overruled. The words, in my opinion, are actionable per se, as tending to injure the defendant (plaintiff) in his trade, occupation or business. The case of Moore v. Francis, 121 N.Y., 199; 80 St. Rep., 467, governs in principle. I cannot add to the opinion of the learned appellate court, so aptly does it cover the case at bar. The allegations of special damage.are not needful to a cause of action in this view. They are too indefinite for such purpose, and for that reason may be useless on a trial to aggravate damages. Judgment for plaintiff on demurrer, with costs. Leave to answer on payment of costs.
Beach; J.
The action is for libel. The answer, by its second and third defenses, pleads in justification the truth of certain portions of the articles alleged to be libelous. The plaintiff demurs upon the ground that the defenses are insufficient in law upon the face thereof. It is provided by §494, Code Civil Pro., that plaintiff may demur to a defense consisting of new matter contained in the answer, on the ground above specified. The objection that the plaintiff has mistaken the remedy cannot be sustained. The plea of truth in defense is new matter, within the statute meaning. The reason is that it is wholly outside and distinct from the alleged *775 cause of action, and must be affirmatively pleaded by the defendant, and so proven upon the trial. I am of opinion, too, that the demurrer is well taken. The justification fails as a complete defense, because it relates but to parts of the publication alleged libelous. It must be so weighed, not being pleaded specifically as a partial defense or in mitigation of damages. Thompson v. Halbert, 109 N. Y., 329; 15 St. Rep., 513. That the justification, as pleaded, is not a complete defense, is hardly debatable. To beso, the justification must be as broad as the charge, and of the very charge attempted to be justified. Townsh. Sland. & L. (3d ed.), § 212, and cases there cited; Skinner v. Powers, 1 Wend., 451; Fero v. Ruscoe, 4 N. Y, 162. The averments of verity in the defense will be found, upon examination, limited to specified facts contained in the publication, the libelous character whereof may be seriously questioned. The other charges against the plaintiff are omitted. That the justification falls far short of the charges seems apparent. Judgment ordered for plaintiff on demurrer to answer, with costs. Leave to amend on payment of costs.
John Townshend, for app’lt; Warner & Frayer (Eugene Frayer, of counsel), for resp’t.
Per Curiam.
The learned judge at special term, in disposing of the question raised by the two sets of demurrers, delivered two opinions covering the contention here urged by the appellant; and as his reasons, in which we agree, are ably and tersely given, it would serve no useful purpose to elaborate thereon. We are of opinion that his disposition thereof was correct, and that the orders appealed from should be affirmed, with costs and disbursements.
Van Brunt, P. J., O’Brien and Lawrence, JJ., concur.