THOMAS F. OAKES, Appellant, v. EDWARD F. DE LANCEY, Respondent.

*Lands between high and low-water mark — description in a deed — lands running along the shore.*

Land between high and low-water mark is conveyed where the property is situated on a sound, and is described in the deed as running along the shore, even though the land under water is not in express terms conveyed.

APPEAL by the plaintiff, Thomas F. Oakes, from a judgment of the Supreme Court in favor of the defendant, entered upon a decision of the court, rendered at the Westchester County Circuit, on a trial before the court without a jury, and entered in the office of the clerk of the county of Westchester on the 10th day of December, 1892.

*Artemas H. Holmes*, for the appellant.

*Martin J. Keogh* for the respondent.

BARNARD, P. J.:

On the 4th of June, 1890, the defendant conveyed to the plaintiff a piece of land said to contain about twenty-two and a half acres. The land was situated on Long Island Sound, and nearly four acres of the parcel was between high and low-water mark. The land was sold by the acre at public auction, and was sold at a large price by the acre. The plaintiff objected to the land under water being included in the deed, on the ground that the description did not include it. This claim was made the basis of an action, and it was

decided that the land under water was included in the description. (*Oakes* v. *De Lancey*, 133 N. Y. 227.)

This action is based upon the allegation that the defendant has no title to the lands between high and low-water mark. The evidence shows that the premises are part of what is known as the East or Mamaroneck Neck. This, with two other necks of land adjoining, was conveyed to John Richbell in 1662 by the Holland provincial government, and by the English colonial in 1668. The English patent conveys all "woods, beaches, marshes, pastures, creeks, waters, lakes, fishing, hunting and fowling."

This description is carried into the manor of Scarsdale by a grant of the English sovereign, in 1701, to Caleb Heathcoate, who had bought the land, and the description is in this grant widened so as to include bays and harbors, as well as beaches, and included the shore. This title is unbroken down to the conveyance to the defendant, in 1871. It is true that the deed to the defendant does not, in terms, convey the land under water, or even use the words of the colonial grants, but it is admitted by both parties, and is proven by the evidence, to be the same premises as are described in the patents. The plaintiff's claim is mainly, if not entirely, based upon the description of the deeds from the immediate grantor to the defendant, one Shepherd. This description is "along the shore." If the word "shore" in the patents included the strip between high and low-water mark, the description in the defendant's deed will go to low-water mark to fill the requirements of a deed which reserved nothing. The Court of Appeals has decided that the word "shore" includes lands washed by the sea, and between high and low-water mark. (*Trustees of East Hampton* v. *Kirk*, 68 N. Y. 459.)

A shore must always have a definite limit on the seaboard.

The judgment should be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.