WILKENS v. HAMMANN.

(Supreme Court, Appellate Term. February 23, 1904.)

1. SLANDER—CHARGE OF KEEPING HOUSE OF PROSTITUTION.

Saying to plaintiff: "Mrs. W., don't get excited. I simply tell you that your name is down at the Tenement House Department for keeping a house of prostitution, the same as the people on the floor below, and I can take you there and show it to you"—being false and defamatory, and spoken maliciously concerning plaintiff, in the presence of a third person, meaning thereby to charge plaintiff with keeping a house of prostitution, is slanderous per se.

Appeal from City Court of New York, Special Term.

Action by Mart Wilkens against Mary C. Hammann. From an order sustaining a demurrer to complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Herman Elfers (Frederick B. Maerkle, of counsel), for appellant.
William F. Clare (Paul D. Judge, of counsel), for respondent.

GIEGERICH, J. The complaint demurred to is very short in its material part, being as follows:

"That the defendant, in the presence and hearing of one Margaret Lyons, maliciously spoke concerning the said plaintiff the false and defamatory words following: 'Mrs. Wilkens, don't get excited, I simply tell you that your name is down at the Tenement House Department for keeping a house of prostitution, the same as the people on the floor below, and I can take you there and show it to you;' meaning thereby to charge the plaintiff with keeping a house of prostitution, and that it was on record in the Tenement House Department that plaintiff was charged with keeping a house of prostitution, and that the defendant could prove it by taking the plaintiff there; and the same was under-

---

¶ 1. See Libel and Slander, vol. 32, Cent. Dig. §§ 77, 104.

stood and believed to convey said charge by the aforesaid Margaret Lyons, the person in whose presence the said words were uttered."

In support of the demurrer the respondent claims that the words quoted are not slanderous per se, but are such as any friend might address to another to apprise him of a supposed charge. But this view is impossible in light of the allegation that the defendant spoke maliciously, and meant by the language used to charge the plaintiff with keeping a house of prostitution.

The defendant further argues that the case is like Brown v. Moore, 90 Hun, 169, 35 N. Y. Supp. 736, where the complaint averred the following words, used in the presence of a third person: "What are you? You worked as a cook in Martin Brown's low hotel. Any one that worked there ain't much, and I can prove it; and I dare you to arrest me;" and then followed an innuendo that the defendant, by the words used, meant that the plaintiff was a common prostitute, and of bad character. In sustaining a judgment of nonsuit the court said:

"We meet upon this appeal the simple question whether the words spoken imputed unchastity to the plaintiff, and whether the words used could be fairly construed in that direction by the jury, even with an innuendo averring that the intent was to charge her with being a prostitute. Innuendoes cannot extend the meaning or words beyond what is justified by the words themselves and the extrinsic facts with which they are connected."

The difference between that case and this is obvious. There the words did not clearly state nor warrant the meaning that the plaintiff was guilty of unchastity, a charge slanderous per se. Here the language is specific and unequivocal. "Keeping a house of prostitution" is an offense slanderous per se to charge against a person. 18 Am. & Eng. Ency. of Law (2d Ed.) 900, and New York decisions there cited, including Wright v. Paige, 42 N. Y. 581. The only question here is whether the defendant used the words in way of friendly warning or maliciously and with intent to repeat and renew the charge already made elsewhere and by others. A charge may be made by assertions as to reports (Powers v. Skinner, 1 Wend. 451), or, as said by Hatch, J., in Byrnes v. Mathews, 12 N. Y. St. Rep. 74, 80, affirmed 16 N. Y. St. Rep. 993:

"The assertion of a libel, either by insinuation, irony, question, or allusion, is the same as if asserted directly in terms. Folkhard's Starkie on Slander and Libel, 181 and 183. Gibson v. Williams, 4 Wend. 320."

So, in O'Shaughnessy v. Morning Journal Ass'n, 71 Hun, 49, 24 N. Y. Supp. 610, it was said:

"The repetition of injurious words as having been spoken by another is a libelous publication as much so, if maliciously published, as if the direct charge had been made."

We therefore think the complaint was sufficient, and that the interlocutory judgment should be reversed, with leave to the defendant to answer upon payment of the costs of the demurrer and of this appeal.

Interlocutory judgment reversed, with leave to the defendant to answer upon payment of the costs of the demurrer and of this appeal. All concur.