By the Court.
Oakley, Ch. J.
We cannot say that the demurrer is too broad. It is true, it commences by stating that the plaintiff demurs to the answer, which, unexplained, means the whole answer ; but it immediately specifies the parts of the *264 answer to which exception is taken, and to which, as constituting an insufficient defence, the demurrer is meant to apply. The specification corrects the previous error, and were it otherwise, the mistake is purely formal, and as such, is amendable of course, in any stage of the proceedings.
Confining the demurrer to the new matter in the answer, the judge, at special term, could not have done otherwise than allow it • nor can we hesitate to affirm his decision. The allegations in this part of the answer, substantially are, that the alleged libel was a faithful report of the ex parte proceedings before the magistrate, and it is exactly this defence, that in Stanley v. Webb, we have adjudged to be insufficient. The decision in that case has been too frequently represented as that of a single judge, but it was, in truth, the judgment of the court at a general term, which, consequently, we are bound to follow. In saying this, we are not to be understood as intimating that we entertain any doubt of the propriety of a decision, which is sustained, as it seems to us, not only by an irresistible force of authority, but by cogent reasons of public policy.
It was said that, admitting that the new matter demurred to, does not amount to a full defence, still the facts set forth are admissible in evidence, in mitigation of damages, and therefore ought not, by sustaining the demurrer, to be struck out from the answer. But we adhere to our decisions in Newman v. Otto (4 Sand. S. C. R. p. 668), and in Fry v. Bennett, that in actions like the present, mitigating circumstances can only be pleaded, when the truth of the libel is justified, and that when pleaded, it must be stated, that they will be given in evidence, solely in mitigation of damages, since otherwise the plaintiff has a right to believe that they are relied on as a bar to his action, and upon that ground may justly demur to them. In this case, the libel is not justified, and the mitigating circumstances are not pleaded as such, but as a defence.
It was also said, that if the new matter in the answer is not a defence, and ought not to have been inserted at all, the plaintiff, instead of demurring, should have moved to strike it out as irrelevant or redundant. The answer is, that matter set up as a defence, cannot be treated as irrelevant or redundant. It may be struck out as frivolous, but in all cases, when such a *265 motion can properly be made, the plaintiff has an election, to make it, or demur. For these reasons, the judgment on the demurrer is affirmed.
We pass to the exceptions taken on the trial.
The objection to the ruling of the judge, in permitting the libel to be read to the jury, without proof of publication, upou the ground that its publication was admitted by the answer, was, in a measure, abandoned. We think that the judge rightly construed the answer, as making an issue, not upon the publication of the libel, but, solely, upon its application to the plaintiff; but if this construction was erroneous, the error is immaterial, since the publication was conclusively proved in the progress of the trial.
The next exception is that upon which the counsel for the defendant seemed to place his chief reliance. It is, that the judge erred in the construction, which, as a matter of law, he gave to the libel, and in his refusal to submit the question of its true meaning to the consideration of the jury. We are of opinion, however, that the judge was entirely correct in the charge that he gave, and in his refusal to alter it. The construction of the libel was, under the circumstances, an unmixed question of law, which he was bound, and was alone competent, to determine. We agree with him, that the publication in question, is a distinct and positive affirmation of the truth of the libellous charges which it contains, and is not a mere statement of the representations that had been made to a magistrate, in a public proceeding ; and such being its legal and manifest construction, he would have committed a grave error, had he submitted the interpretation of the libel, as a question of fact, to the determination of the jury. It is undoubtedly true, that there are cases, in which the meaning and application of a libel, as questions of fact, ought to be determined by the jury, without any positive instruction on the part of the judge; but this is only when the meaning and application depend upon extrinsic facts, upon which the jury must of necessity pass, or when the terms of the publication are so ambiguous, that they arc just as capable of being understood, in an innocent sense, as in that, which alone would render them, actionable. (Tempest v. Cham *266 bers, 1 Starkie, 56; Delany v. Jones, 3 Esp. R. 191; Decker v. Tabor, 12 John. R. 240; McKinly v. Rob, 20 John. 356; Goodrich v. Wolcott, 3 Cow. R. 231.) But where no extrinsic facts are necessary to be proved, and the words of the publication are not susceptible of being understood, in any other than a libellous sense, the judge is bound tó give a positive instruction to the jury, and the jury equally so, to follow his direction. The question is then an unmixed question of law; and were it true, that in all cases, civil as well as criminal, it is the exclusive province of a jury, to interpret an alleged libel, it is manifest, that no demurrer would lie to a declaration, upon the ground, that the words charged are not actionable ; nor upon the same ground could a judgment ever be arrested.
We have been told, however, that the doctrine, that libel or no libel is, in all cases, a question for the jury, novel as it may seem, has been established, as the law of this state, by the decision of the court of errors, in Dolloway v. Turrill (26 Wend. 383). Nor can it be denied that the language of one or two of the senators, who delivered opinions in that case, may be fairly cited in support of the argument; but upon examining the report, it is evident," that the judgment, reversing that of the supreme court, proceeded upon the sole ground, that the words of the alleged libel were plainly susceptible of an innocent sense, and, consequently, that the question in what sense they were in fact used, ought to have been submitted to the jury. The decision, therefore, was not an arbitrary change of the law, as it has always been understood and administered, but is plainly reconcilable with the prior cases to which we have referred.
The remaining exceptions it is scarcely necessary to notice.
If the defendants had published a retraction of the libel, the fact, if proved, would have operated to diminish the damages. The burden of proving it, therefore, rested upon them. In the absence of such proof, the non-existence of the fact, was a just and legal inference.
The judge had a perfect right to express his opinion to the jury, upon the question of the damages that might reasonably be given, and the opinion that he gave was fully justified by the evidence. The advice given by a judge to a jury, is never a *267 subject of exception, although, when erroneous, it may, in some cases, furnish a sufficient motive for an exercise of the discretion of the court, in granting a new trial.
The exceptions are overruled, and the judgment at special term affirmed, with costs.