MATTHEWS *against* MOSES S. and ALFRED E. BEACH.

In an action for libel, where the answer contained, 1st, a denial of the publi-
cation, and, 2d, matter in justification and excuse, and the plaintiff demurred
to the answer for insufficiency, specifying as grounds of demurrer objections
only to the matter of justification and excuse, and judgment was given for
the plaintiff on the demurrer, *held*, that the demurrer had reference only to
the portion of the answer objected to, and that by the judgment the denial
of the publication was not struck out of the answer.

This was an action for libel brought in the superior
court of the city of New York, and tried before Mr. Justice
CAMPBELL in May, 1851, when a verdict was rendered against
the defendants, upon which a judgment was entered, which
was affirmed by the court at a general term. The defend-
ants appealed therefrom to this court.

The facts upon which the question disposed of here arose
sufficiently appear in the opinion.

*N. Hill, jr.*, for appellant.

*H. R. Selden* for respondent.

The opinion of the court was delivered by P. RUGGLES, Ch.
J. The defendants in their answer set up two distinct de-
fences; first, a denial of the publication of the libel; and
secondly, a justification or excuse. The first defence was
good if true in fact. The second, as stated in the answer,
was bad. The plaintiff's demurrer to the defendants' an-
swer purported in its commencement to be a demurrer to
the whole answer. But for the purpose of assigning his
grounds of demurrer, the plaintiff distinctly set forth and
specified that part of the answer in which the bad defence
was set up, and applied his objections exclusively to that
part, and not to the first defence, or to any other part of

the answer. The court below allowed the demurrer, and rendered judgment thereon in favor of the plaintiff.

The code requires that " in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties." (*Code of* 1849, § 159.) In allowing the demurrer the court below must have regarded it as being substantially limited to the second defence set up in the answer, notwithstanding the generality of its commencement. Judgment would otherwise have been rendered for the defendants, on the ground that a part of their answer was good. The demurrer was evidently intended by the plaintiff to apply only to the bad part of the answer, and taking the whole of it into view, we think it is to be so understood.

In reference to the liberal construction of the pleadings required by the code, we can not say that the court erred in its judgment on the demurrer.

The defendants had leave to put in a new answer, but none was put in. The cause was noticed for trial upon the issue of fact. The only issue of fact remaining to be tried by a jury, embraced the question of publication, and the question whether the plaintiff was the person to whom the libellous matter related. The residue of the defence contained in the answer was in effect struck from the record by the allowance of the demurrer, and could not be regarded on the trial as an admission of the facts in issue. We think, therefore, that the judge erred in allowing the libel to be read by the plaintiff on the trial, without proof of publication, and that for this error the judgment must be reversed, and a new trial ordered.

Judgment reversed