## WHITTIER a. BATES.

*Supreme Court, First District ; Special Term, March*, 1856.

### COMPLAINT.—COUNTS.

It is no longer proper for a plaintiff to set out one and the same cause of action in several counts.*

Motion to set aside a complaint.

*Barret & Brimsmade*, for the motion.

*Burrill, Davidson, & Burrill*, opposed.

DAVIES, J.—The complaint in this action states the plaintiff's cause of action in three different forms, or distinct

---

* But compare Jones a. Palmer, *Ante*, 442.

separate statements, or under the old form of pleading, in three distinct counts.

The defendant asks to have the complaint set aside for unnecessary repetition, or that the plaintiffs elect upon which statement they will rely.

I can have no doubt that it was the intention of the Code to establish the former practice in pleading, allowing the plaintiff to set forth his cause of action in several counts and forms. This practice greatly extended pleadings, and necessarily produced equal amplification on the part of the defendant, and embarrassment to the court and jury in ascertaining the plaintiff's real cause of action, and the defendant's real defence. It is the great merit of the Code that it has swept away all this mass of technical pleading, and requires on each side " a plain and concise statement of the facts without unnecessary repetition."

I cannot but concur in the language of Judge Strong, (in Lackey *v.* Vanderbilt, 10 *How. Pr. R.*, 161), with some alteration. He says " Indeed the principal  *  *  *  beneficial object of the legislature in adopting the new Code of procedure, was to abolish the use of fictitious allegations in our written pleadings, which had a tendency to mislead the parties, and embarrass those to whom the administration of the law was confided. Now, as there can be but one substantially true statement of a single cause of action, the practice of setting it forth in different counts is necessarily abolished. A merely formal variation is unnecessary, while a substantial one would involve a contradiction, and one must be false."

" The former practice of allowing the plaintiff to set forth the same cause of action in different ways in several counts, so as to meet the proof, was undoubtedly advantageous to the plaintiff. But it often seriously embarrassed the defendant in the preparation of his pleadings, to meet he knew not what, and in procuring his evidence and sometimes subjected him to great injustice, in having a supposititious claim established against him. The benefit to one was more than balanced by the evil to the other party. The old rule was, and was probably designed to be, the most favorable to the plaintiff, while the new rule does equal justice to both parties. The plaintiff

generally does, or at least should, understand his own case. If he states it truly he can prove it, if at all as he sets it forth, should his witnesses testify truly; and if he can support it only by evidence varying from the truth, he ought to fail * * an adequate remedy exists in the liberal powers conferred upon our courts to allow pleadings to be amended so as to conform to the proof."

Judge Harris (in Dunning *v.* Thomas, 11 *How. Pr. R.*, 281), uses similar language, and arrives at a like result. He says, "The great characteristic of the system of pleading adopted in the Code is, that it is strictly enjoined upon the pleader that he shall state facts and nothing but facts. It is as much a violation of this requirement to state several causes of action when but one exists, as to state any other fictitious or imaginary cases. * * * After the plaintiff has stated the cause of action, he ought not to be allowed to proceed to state a "*further cause of action*" when he really has none, any more than he should be permitted to make any other allegation which he knows to be *false*, (Stockbridge Iron Co. *v.* Mellen, 5 *How. Pr. R.*, 439 ; Churchill *v.* Churchill, 9 *Ib.* 552 ; Lackey *v.* Vanderbilt, 10 *Ib.* 155).

I entirely concur in these views and they are decisive of this motion.

This complaint must therefore be set aside with costs, but the plaintiffs are at liberty to serve an amended complaint, within twenty days after the entry of this order.