By the Court.—Speir, J.
The appellant’s counsel claims that the publication of the alleged defamatory matter contained in Burleigh’s affidavit was an éxparte proceeding, and therefore not privileged, relying chiefly on the case of Stanley v. Webb (4 Sandf. 28). In that case the plea of the defendants was that the publication was a true, fair and correct account of public judicial preceedings before a magistrate, and the plea contained the affidavit upon which the complaint against the plaintiff was founded ; and it further averred that other proceedings were pending before the magistrate, growing out of a complaint made by the plaintiff. The replication to this plea charged that the complaint was primary and original, and made ex parte in the absence of the plaintiff, and was false and libelous, and the defendant demurred. The question presented for the consideration of the court was whether the publication was privileged. After an examination of a large number of authorities, and giving many cogent reasons of public policy, the court held that where the publication of such proceedings was productive of good, and promoted the ends of justice, the publisher must find his justification, not in privilege, but the truth of the charges. In other words, the privilege was conditioned on the fact that the matter published should not be false or libelous, but a fair, true and correct statement, and without malice. This decision was made before the statute of 1854 was passed, and was concurred in by the full bench (Laws of 1854, ch. 130, § 1). This act was simply declaratory of the common law (Townshend on Blander and Libel, 2 ed. 364). As applied to this cáse, the principle may be stated as follows : Reporters, editors, and proprietors of newspapers are entitled to entire immunity for what they may publish of any *55 judicial proceeding in their several places, and in the discharge of their respective duties, if it is a fair and true report thereof, except upon actual proof of malice in making such report; and malice is not to be implied from the fact of such publication.
This is the doctrine of the later English decisions. By them, independently of any statute, it is held that the publication of the proceedings upon a judicial trial, fairly reported, and without express malice, is not actionable.
The foundation of the principle seems to be that the public good requires that the proceedings in the courts of justice should be conducted openly. Pollock, Ch. B., in Ryalls v. Leader, Law Rep. (1 Exch. 296), discussing this subject, says: “We ought, in my opinion, to make as wide as possible the rights of the public to know what takes place in a court of justice and to protect a fair, tona fide statement of proceedings there.”
There is no distinction between a mere ex parte investigation before magistrates, and the regular proceedings in a court of law, and plaintiff cannot set up, in answer to the defense of privilege, that the libel complained of was a report of a mere preliminary investigation before a magistrate. Whatever may have been the distinction heretofore, it is abolished now (Peniro v. Goodlake, 15 Law Times Rep. 676 ; Wason v. Walter, Law Rep. 4 Q. B. 93 ; Henderson v. Broomhead, 4 Hurls. & N. 569; Perkins v. Mitchell, 31 Barb. 471).
In the case of Ryalls v. Leader (supra), the court say that proceedings held in jail before a register in bankruptcy under the bankrupt act, upon the examination of a debtor in custody, are judicial and in a public court.
The affidavit in question became a part of the regular judicial proceedings in a criminal suit by the People on the complaint of Burleigh. The defendant *56 in the suit, Justh, was arrested and discharged. Without the affidavit of Burleigh, the record would not be complete. If fairly and truthfully published, the public had a right to know it. The plaintiff was a public officer, and the publication was for a justifiable purpose.
The fact that the character of a third person was affected by the affidavit does not affect the privilege (Henderson v. Broomhead, 4 Hurlston & Norman, 569 ; Ryalls v. Leader, Law Rep. 1 Ex. 296). It is held in these cases that no action lies against a party who in the course of a cause makes an affidavit in support of a summons taken out in such cause which is scandalous, false and malicious, though the person scandalized, and who complains, is not a party to the cause.
The only question remaining is, was the publication a fair and true report of the affidavit put in evidence ? Upon a careful examination of the affidavit and the publication complained of, I am unable to detect any discrepancy between them in the information conveyed by either. There is no ambiguity in the language. Indeed, the appellant’s counsel, in his argument, did not so much complain that the matter published was not true, as that it was not fair. The distinction in this case is not plain to my mind. He claimed, however, that the question should be submitted to the jury, whether the defendant had made a fair and impartial statement. As to this, the answer would be, anything that is true is fair. Under these circumstances, the construction of the libel is an unmixed question of law which the court above is competent to determine. In all civil suits where the question of libel arises solely upon the face of the publication, it is a question of law upon which the jury must follow the direction of the court (Matthews v. Beach, 5 Sandf. 256). Had the case been submitted the jury, and they had found for the plaintiff, the court would have been bound to set *57 aside the verdict. As malice under the principle hereinbefore stated cannot be inferred from the mere fact, of publication, I see no ground for raising any presumption of malice in the case, unless it is to be presumed from the fact that no notice was taken of the letter written to the defendant by the plaintiff’s attorney demanding satisfaction before he began the action. This is no evidence of malice. It seems quite impossible to discover any malice in refusing to answer this letter, which calls for redress of a grievance which had not been inflicted.
The exception taken by the plaintiff to the ruling of the court on his offer to prove that the charge of his having taken any letters or money from Burleigh’s office, was false and untrue, is not well taken. The defense did not set up the truth of tho allegations contained in the publication—under the pleadings, their truth or falsity is immaterial.
The exceptions are overruled, and judgment is ordered for the defendant, with costs.