## SHERMAN KINGSBURY, PLAINTIFF, *v.* THE BRADSTREET COMPANY, DEFENDANT.

*Libel — where there is no ambiguity, the construction of it is for the court.*

In an action brought against the defendant, a commercial agency company, to recover damages for an alleged libelous publication, it appeared that the defendant had published in a circular sent to its customers the following reference to the plaintiff: "Canandaigua. Kingsbury, Sherman. Gro. * *" At the bottom of the circular was the following: "* * For explanation, please call at our office."

*Held,* that as the words used by the defendant were not capable of any construction which would render them actionable, the court properly directed a verdict in favor of the defendant.

That evidence offered by the plaintiff to show what effect the publication of the statement would have upon the mind of his creditors was properly excluded.

MOTION by the plaintiff for a new trial, on exceptions ordered to be heard at the General Term in the first instance, after a verdict had been directed in favor of the defendant.

*Henry M. Field,* for the plaintiff.

*John H. Bird,* for the defendant.

CHILDS, J.:

This action was brought to recover damages from the defendant for printing and circulating an alleged libel upon the plaintiff. The alleged libel consisted in the publication and circulation by the defendant, a corporation engaged in the business known as a mer-

cantile agency, of a circular among its customers and correspondents containing the following reference to the plaintiff: "Canandaigua. Kingsbury, Sherman. Gro. * *" At the bottom of the circular was the following: "* * For explanation, please call at our office." At the conclusion of the evidence the court held that the publication was not libelous, and directed the jury to find a verdict for the defendant. The law applicable to the case is well settled by the authorities as follows:

*First.* The proprietors of a commercial agency engaged in collecting and publishing, for circulation among all its patrons, information as to the standing and financial credit of merchants and traders, are liable for a false report thus disseminated injurious to the credit of the subject of it, although made in good faith and upon information deemed reliable. (*Sunderlin* v. *Bradstreet,* 46 N. Y., 188.)

*Second.* In an alleged libel, if the application or meaning of the words is ambiguous, or the sense in which they were used is uncertain, and they are capable of a construction which would make them actionable, although at the same time an innocent sense can be attributed to them, it is for the jury to determine upon all the circumstances, whether they were applied to the plaintiff and in what sense they were used. (*Sanderson* v. *Caldwell,* 45 N. Y., 398.)

*Third.* In all civil suits, the question of libel or no libel, where it arises solely on the face of the publication, is a question of law, upon which the jury must follow the direction of the court. (*Matthews* v. *Beach,* 5 Sandf., 256; *Green* v. *Telfair,* 20 Barb, 11.) The publication complained of in this action does not, by any statement therein contained, or by implication, suggest either that the plaintiff was insolvent or financially embarrassed; it contained no information or suggestion as to plaintiff's standing as a man or a merchant. It clearly appears, by an inspection of the circular, that the stars placed opposite his name had no other signification than as a marginal reference, so that the entire matter contained in the circular and relating to defendant would read: "Kingsbury, Sherman, Gro.; for explanation call at our office." And to the same effect is the testimony of the witnesses called and examined by the plaintiff as to the meaning of the stars. There is no ambiguity in the language here used, neither is the sense in which the words were used uncertain, and they are not capable of a con-

struction which would make them actionable. Therefore the testimony offered by the plaintiff, in reference to the effect the publication would have upon the mind of the witness or the creditors of the plaintiff was properly excluded by the court, and it became a question of law for the court to determine whether such publica tion was or was not libelous. We have examined the other excep tions in the case, and none of them appear to be well taken. The case was correctly disposed of at the circuit, and the defendant should have judgment on the verdict, with costs.

HAIGHT and BRADLEY, JJ., concurred.

Motion for new trial denied, and judgment ordered for the defendant on the verdict.