WALTER L. THOMPSON, as Receiver, etc., Appellant, *v.* NORTON
A. HALBERT et al., Respondents.

·Where new matter is set forth in an answer, and it is not expressly stated
therein to be a partial defense, as prescribed by the Code of Civil Pro-
cedure (§ 508), it must be assumed that the new matter alleged is pleaded
as a complete defense, and if demurred to it must be tested as such.

Where, therefore, in an action for the conversion of a promissory note, the
maker of which resided in Kansas, and of a mortgage given upon lands in
that state to secure the note, the answer alleged that an action upon the
note and mortgage was barred by the statute of limitations of that state.
*Held*, that a demurrer to the answer was properly sustained; that the
facts stated only constituted a partial defense, and not having been
pleaded as such the answer was insufficient.

*It seems* the facts alleged, if admissible at all, would be proper under denials
in the answer putting in issue the amount of damages.

An answer does not bar a cause of action, and so constitute a defense, which
simply affects the measure of damages, although reducing them to a
merely nominal amount.

*Thompson* v. *Halbert* (40 Hun, 536) reversed.

(Argued April 10, 1888; decided April 24, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made June 1, 1886, which reversed a judgment in favor of
plaintiff, entered upon an order sustaining a demurrer to one
of the defenses set up in the answer herein and which over-
ruled said demurrer.   (Reported below, 40 Hun, 536.)

The nature of the action and the substance of the averments
in that portion of the answer demurred to are set forth in ·the
opinion.

*Wayland E. Benjamin* for appellant.   A partial defense
can be pleaded now, simply because section 508 of the Code
authorizes such a plea.   (Pom. Rem. § 607; *Bush* v. *Prosser*,
11 N. Y. 347, 351; Van Sant. Pl. 267; Voorhies' Code, § 165;
*Newman* v. *Otto*, 4 Sandf. 668; *Ayres* v. *Covill*, 18 Barb. 260;
*Matthews* v. *Beach*, 5 Sandf. 256, 264.)   Where circumstances,
which can only be given in evidence in mitigation of damages,

are set forth in the answer, it must be distinctly stated that it is with that view and for that purpose only that they are introduced. (*Hager* v. *Tibbits*, 2 Abb. Pr. [N. S.] 97; *Hathorn* v. *Congress Spring Co.*, 44 Hun, 608; *Bennett* v. *Matthews*, 64 Barb. 410; *Fry* v. *Bennett*, 5 Sandf. 54; *Ayres* v. *Covill*, 18 Barb. 260; *Willis* v. *Taggard*, 6 How. Pr. 433, 436; Pom. Rem. § 608; *Von Wein* v. *Macauley*, N. Y. Daily Reg., Nov. 13, 1886.) Defendant is bound by his own statement as to the nature and extent of his plea. (Code, § 500; *Equitable Life Assur. Soc.* v. *Cuyler*, 75 N. Y. 511, 514; *Bates* v. *Rosekrans*, 37 id. 409; *Clough* v. *Murray*, 19 Abb. Pr. 97; *Burke* v. *Thorne*, 44 Barb. 363; *Simmons* v. *Kaiser*, 43 Supr. Ct. [J. & S.], 131, 137; *Tuckerman* v. *Corbin*, 66 How. Pr. 404; *Burrall* v. *De Groot*, 5 Duer, 379, 382.) Where the plaintiff's demurrer for insufficiency to one of several defenses set up in the answer is sustained at Special Term, with leave to defendant to answer, and he neither amends nor appeals; the determination is conclusive, upon the trial of the cause, that the matters set up in that defense do not constitute any defense. (*Ryan* v. *Mayor, etc.*, 42 Supr. Ct. [J. & S.] 202.) The statute of limitations of Kansas, set up in this case, does not extinguish the debt, nor affect the validity of the note, but affects the remedy only. (*Lincoln* v. *Battelle*, 6 Wend. 475, 485; *Rogers* v. *Murdock*, 45 Hun, 30, 32; *Miller* v. *Brenham*, 7 id. 330; affirmed 68 N. Y. 83; *Bulger* v. *Roach*, 11 Pick. 35; *Owen* v. *De Beauvoir*, 16 M. & W. 547; *Thayer* v. *Mann*, 19 Pick. 535; *Hancock* v. *Franklyn Ins Co.*, 114 Mass. 155; *Townsend* v. *Jennison*, 9 How. [U. S.], 407; *In re Allison*, Eng. R., 11 Ch. Div. 284; *Gaus* v. *Frank*, 36 Barb. 320, 322.)

*William E. Millard* for respondents. The answer demurred to in this action is not a partial defense as defined in section 508 of the present Code. (Voorhees' Code [10th ed.], § 165, note *f.*; *Rush* v. *Prosser*, 11 N. Y. 347, 355; *Parmer* v. *Andrews*, 7 Wend. 142; *Willard* v. *Stone*, 7 Cow. 22; *Johnston* v. *Caulkins*, 1 Johns. Cas. 116; *Stone* v. *Gilbert*, 9 How.

Pr. 150; *Gilbert* v. *Rounds,* 14 id. 46; *Heater* v. *Wright,* 10 id. 79 ; *Harter* v. *Orill,* 33 Barb. 283 ; *Newman* v. *Otto,* 4 Sand. Rep. 668; *Smith* v. *Trafton,* 3 Robt. 709 ; *Maretzek* v. *Caultwell,* 2 id. 715, 719, 720 : *Spooner* v. *Keeler,* 51 N. Y. 527 ; *Bennett* v. *Smith,* 23 Hun, 50, 53 ; *Willoner* v. *Hill,* 72 N. Y. 36; *Wandell* v. *Edwards,* 25 Hun, 498 ; *Brainer* v. *Falker,* 93 N. Y. 515.) The allegations and purposes of the seventh answer place it in the same category, and give it the same pertinency to the issues herein as the various facts or defenses now admissible under a general denial in actions of this character. (*Starr* v. *Chrugin,* 24 Hun, 178 ; *Kenedy* v. *Stughy,* 14 Johns. R. 127 ; *Prince* v. *Conners,* 69 N. Y. 608; *Ingalls* v. *Lord,* 1 Cow. 240; *Booth* v. *Powers,* 56 N. Y. 22; *Thayer* v. *Manly,* 73 id. 305, 308 ; *Potter* v. *Merchants' Bank,* 28 id. 641, 646; *Mayer* v. *Friedman,* 7 Hun, 219 ; *Gautz* v. *Halgate,* 29 Daily Reg. No. 45, Aug. 23, 1883 ; *Muser* v. *Lewis,* N. Y. Supr. Ct. Gen. T.) The seventh answer is an entire defense. (*Rowly* v. *Rowly,* 2 Rawle, 241 ; 6 Wait's A. and D. 222 ; *Cochoran* v. *Hanover Nat. Bank,* 8 J. & S. 401 ; *Stone* v. *Frost,* 61 N. Y. 614; *Mathew* v. *Sherwell,* 2 Taunton, 439 ; *Wells* v. *Wells,* 2 Moore, 251 ; 6 Wait's A. and D. 224, § 10 ; *Knapp* v. *Roche,* 94 N. Y. 333.) The facts demurred to are sufficient to reduce the nominal and to show the actual value of the note and mortgage, and therefore they are sufficient either as a partial or complete defense and are not demurrable. (*Hare* v. *Baker,* 5 N. Y. 357; *Hulburt* v. *Young,* 13 How. Pr. 413 ; 5 Abb. Digest, p. 104, par. 361 ; *Bradner* v. *Faulkner,* 93 N. Y. 517.)

FINCH, J. This action was brought to recover damages for the conversion by the defendants of two notes and the mortgages which secured them. The first cause of action pleaded respects a note and mortgage upon land in Kansas, dated in 1871, and, as an answer to that, the defendants alleged in their seventh defense, that by the laws of that state in which the maker of the note resided and the land was located, the note and

mortgage were barred by the statute of limitations, and that no action could now be maintained thereon. To this answer the plaintiff demurred, on the ground that it was insufficient in law on the face thereof. The demurrer was sustained by the Special Term, but that decision was reversed by the General Term on appeal.

We are of the opinion that the reversal was erroneous. The facts stated in the answer were not pleaded as a partial defense or in mitigation of damages. Where that is attempted the Code explicitly requires that the answer shall so state, and give notice that the facts relied upon are intended as a partial defense. (§ 508.) Where no such statement is made the plaintiff has the right to assume, and the court must assume, that the new matter alleged is pleaded as a complete defense, and if demurred to must be tested as such. (*Matthews* v. *Beach*, 5 Sandf. 256; *S. C.*, 8 N. Y. 173.) Applying that test the answer is insufficient. It merely affects the amount of damages to be recovered, by tending to reduce the value of the securities converted. It confesses but does not avoid. It admits the cause of action and questions only its extent and amount, and is not a bar to a recovery. It is bad, therefore, as a defense, and the Special Term was right in so holding. It is not denied that the facts alleged, if admissible at all, may, nevertheless, be put in evidence for the purpose of affecting or reducing the value of the securities. (*Booth* v. *Powers*, 56 N. Y. 22.) So far as the question of pleading is concerned they are admissible under the denials of the answer. The plaintiff must prove the value of the articles converted as the basis of his recovery, and what he may prove the defendants, denying, may disprove. The plaintiff averred the value of the note to be $300 and the accrued interest at twelve per cent. The defendants deny that allegation, and aver that the same had no value, and also deny the alleged conversion. While the allegations of value and no value may perhaps not make a technical issue, because needless, yet, under the denial of the answer which puts in issue plaintiff's whole cause of action, the defendants have a right to prove any facts which

affect the value of the securities, and possibly to an amount which would reduce the recovery to merely nominal damages, and so as a question of pleading, and although the seventh defense be stricken out, may prove the law of Kansas and show the difficulty and uncertainty of collection. (*Knapp* v. *Roche*, 94 N. Y 333.) So much the plaintiff concedes. Precisely what useful purpose was served by interposing this demurrer it is, therefore, difficult to see, but the question is raised and must be correctly decided.

The argument of the General Term appears to be that the facts pleaded might induce the jury to find that the securities converted were absolutely valueless, and so the defense become a complete one. It would be more correct to say that the damages would become merely nominal, although the conversion would remain and the wrong itself be undefended. An answer does not bar a cause of action and so constitute a defense when it affects merely the measure of damages.

The judgment of the General Term should be reversed, and that of the Special Term affirmed, with costs, but with leave to the defendants, upon payment of the costs of the demurrer, to plead anew or amend within twenty days after entry and notice of this judgment.

All concur.

Ordered accordingly.