### WARNER *v.* PRESS PUBLISHING CO.

·(*Common Pleas of New York City and County, General Term.*   February 3, 1890.)

1. LIBEL AND SLANDER—EVIDENCE.

In an action for libel in publishing what purported to be a report of a prosecution by plaintiff of her husband for abandonment, wherein it was stated that the husband accused plaintiff of having illicit lovers, and produced letters written to her by one of them, defendant offered to prove the conversations between the reporter and the husband, on which the reporter claimed to rely, as to the genuineness of the letters which were embodied in the article. *Held,* that they were properly excluded, for, if the defendant published a fair account of the proceeding, the question of the truth or falsity of the charge made by either side was immaterial.

2. SAME—APPEAL—OBJECTIONS NOT RAISED BELOW.

An objection that the court erred in submitting to the jury the question whether or not the account published was a fair report of the proceeding, is not available where the court was not requested to pass on such question as matter of law, and no objection was taken to the sending of the question to the jury.

·3. SAME—INSTRUCTIONS.

The court instructed the jury that, although the letters were not read, or permitted to be read, yet, being offered in evidence, they would be a part of the proceeding, and the newspapers would have the right to spread them before the public, provided they were accompanied by a statement that they were not received by the court. *Held,* that defendant could not complain of the instruction, since, if the letters had been rejected as not germane to the inquiry, they did not become part of the proceedings.

Appeal from trial term.

An action for libel, brought by Sarah M. Warner against the Press Publishing Company. The defendant publishes the World newspaper, and therein printed a purported report of a prosecution instituted by plaintiff against her husband for abandonment, which was as follows:

"ADJT. WARNER'S JEALOUS PANGS.

·"LETTERS TO HIS WIFE WHICH HE SAYS GAVE HIM CAUSE TO ABANDON HER.

"Mrs. Reavey Warner's case against her husband, Adjt. J. Gould Warner, was before Justice Gorman this morning in Jefferson Market court. Mrs. Warner charges the adjutant with abandonment on March 9, and he says she ·drove him out of their house, No. 210 West Twenty-Fourth street. Mr. Warner, in turn, accused his wife of having illicit lovers, and showed a letter which he said was written to her by a man named Sydney Franklin Smith. The writer starts out, ' My own dear one,' and in very endearing words as-·sures Mrs. Warner that he loves her, even if he did not see her when she expected him. He also advises her to leave ' him,' and live with the writer, who signs himself, ' Yours, faithfully, F.' Another love letter is signed, ·' SIDNEY F. SMITH.' Mr. Warner thinks there will be racy developments in the case before its conclusion. Justice Gorman ordered him to pay Reavey ·$3 a week for two weeks, when the case would be heard again."

On the trial defendant introduced evidence in support of the defenses of privilege, justification, and mitigating circumstances. The jury returned a verdict for plaintiff for $1,625. From the judgment rendered thereon defend-·ant appeals.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*De Lancey Nicoll,* for appellant.   *Andrew W. Gleason,* for respondent.

LARREMORE, C. J.   The first ground for a reversal assigned by the learned ·counsel for appellant I do not regard as well taken.   Undoubtedly it has been held, in certain classes of actions for libel, that it is competent to show, in disproof of malice, facts and information known to or believed by the person who wrote the alleged libel, which induced him to believe it was true.   This rule may lead at times to the introduction of declarations by strangers to the action, to the admission of what are in reality *res inter alios acta,* because

by this exceptional form of proof any malicious intent on the part of the libeler may be negatived. An examination of the authorities on this point, however, will show that they were all actions of private libel. They were cases where the communications were confidential, at least, if not technically privileged, in character, consisting of a personal letter written by a friend to a friend to warn the latter against intimacy or a matrimonial engagement with a person whom the writer professed to consider unworthy. *Byam* v. *Collins*, 39 Hun, 204; *Atwill* v. *Mackintosh*, 120 Mass. 177. I do not think this rule of evidence has any relevancy or force in the case at bar. The alleged libel here is in a public newspaper. It consists of what purports to be an account of a judicial proceeding in a police court, and, if the defendant published a fair and true account of such proceeding, the question of actual truth or falsity of the charges made by either side would be immaterial. The learned judge, therefore, did not err in excluding the conversations between the reporter and plaintiff's husband upon which said reporter claimed to to rely, as to the truth and genuineness of the "love" letters embodied in the article in question.

The learned cousel for the appellant further claims that the trial judge erred in submitting to the jury the question whether or not the account published in the newspaper was a fair and true report of the proceeding before the magistrate, and in not passing upon such question himself as matter of law. The cases of *Ackerman* v. *Jones*, 37 N. Y. Super. Ct. 42, and *Matthews* v. *Beach*, 5 Sandf. 256, are cited on this point. A sufficient answer to such contention, as far as this appeal is concerned, is that the court was not requested on the trial to pass upon such question as matter of law, and that no exception was taken to the sending of the question to the jury. On the contrary, counsel for defendant submitted one or two requests to charge which would seem to presuppose an intention on his part that the general inquiry as to the fairness and truth of the newspaper notice should be left to the jury for determination. The exception at folio 232 will not avail. The case was tried by both sides upon the theory that the merits of the controversy should be submitted to the jury. If the jury were to pass upon the general question whether the publication was a just and true account, they were required to determine the subsidiary question referred to in such exception, on the principle that the less is included in the greater. The jury could not have passed upon the main question, which defendant's counsel acquiesced in having submitted to them, without necessarily passing upon the subordinate question which said counsel by his exception attempts to arbitrarily single out. If anything, the charge was too favorable to the defendant. The court instructed the jury that, although letters were not read or permitted to be read, yet, being offered in evidence, they would be a part of the proceedings, and the newspapers would have the right to spread them before the public, provided they were accompanied by a statement that they were not received by the court. Probably the learned trial judge did not intend to lay this down as a general proposition, and he would have ruled otherwise if it had appeared that the letters were examined by the magistrate, and excluded because not germane to the subject of inquiry. If letters containing defamatory matter are offered in evidence, and rejected because the magistrate considers them irrelevant or in contempt, I do not think that they thereby become part of the proceeding before him in such manner as to entitle a newspaper that publishes them to the protection of the statute. They may be utterly foreign to every question raised before the police justice. If the newspaper may nevertheless print them in full, it would afford a most convenient subterfuge for publishing libels with impunity on any subject that can be imagined. Suppose, for instance, a magistrate, on the hearing of a proceeding for abandonment, should refuse to admit or consider letters accusing the husband of forgery or arson. Probably under no pretext would it be claimed that a fair and true

report of such proceeding could include the publication of such excluded letters.  We have examined the record, and considered all the exceptions taken, and can discover no good ground for disturbing the verdict.  The judgment appealed from should be affirmed, with costs.