PRICE v. DERBYSHIRE COFFEE CO.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. BANKRUPTCY (§ 169*)—PREFERENCES—SET-OFFS.

 Under Bankr. Act July 1, 1898, c. 541, § 60, subd. "c," 30 Stat. 562 (U. S. Comp. St. 1901, p. 3446), providing that if, after receiving a preference, a creditor in good faith gives the debtor further credit without security for property becoming a part of debtor's estate, the amount of such credit remaining unpaid on the adjudication of bankruptcy may be set off against

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the preferences otherwise recoverable from the creditor under subdivision "b," credits extended to one thereafter becoming a bankrupt may be set off against antecedent preferential payments only.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 169.*]

2. PLEADING (§ 142*)—SET-OFF AND COUNTERCLAIM—SUFFICIENCY.

Under Code Civ. Proc. § 507, providing that, unless a defense or counterclaim is interposed as an answer to an entire complaint, it must distinctly refer to the cause of action which it is intended to answer, where no such statement is made plaintiff can, and the court must, assume that the new matter is pleaded as a complete defense, and, if demurred to, it must be treated as such.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 142.*]

Appeal from Trial Term.

Action by Anderson Price, as trustee in bankruptcy of the Johnson Coffee Company, against the Derbyshire Coffee Company. From an interlocutory judgment overruling a demurrer to offsets and counterclaims, plaintiff appeals. Reversed, and demurrer sustained, with leave.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles L. Craig, for appellant.
Merritt E. Haviland, for respondent.

SCOTT, J. The plaintiff appeals from an order overruling his demurrer to certain set-offs and counterclaims embraced in the answer, and from the interlocutory judgment entered upon such order.

The action is by a trustee in bankruptcy, who seeks to recover, under section 60 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), certain preferential payments made by the bankrupt within four months of its bankruptcy. The defendant counterclaims for and seeks to set off, as against any sum which the plaintiff may be entitled to recover, two sums representing credits extended to the bankrupt after some, but not all of the preferential payments had been made. Subdivision "a" of section 60 of the bankruptcy law defines preferential payments, and subdivision "b" authorizes the trustee to recover the amount of such preferences from any person who may have been so preferred. Subdivision "c" provides as follows:

"If a creditor has been preferred and afterwards in good faith gives the debtor further credit without security of any kind, for property which becomes a part of the debtor's estates, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him."

The complaint stated thirteen causes of action, each being predicated upon the payment by the bankrupt of a promissory note made in favor of the defendant. These payments are alleged to have been made at various dates between January 2, and April 20, 1906. The set-offs claimed in the answer are for merchandise alleged to have been sold by defendant to the bankrupt upon credit, on February 20, and March 9, 1906. We think that the fair and obvious construction of subdivision

"c" of section 60 of the bankruptcy act is that further credits extended to a person who thereafter becomes a bankrupt may be set off only against antecedent preferential payments, and not against such as may have been made after the extension of the new credits. It follows in the present case that the set-offs claimed by the defendant are inapplicable to some of the causes of action set forth in the complaint.

Section 507 of the Code of Civil Procedure provides that unless a defense or counterclaim "is interposed as an answer to the entire complaint it must distinctly refer to the cause of action which it is intended to answer," and where no such statement is made the plaintiff has a right to assume, and the court must assume, that the new matter alleged is pleaded as a complete defense, and, if demurred to, must be tested as such. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675. No such statement is made respecting the counterclaims or set-offs pleaded by the defendant, and they must therefore be tested as to their sufficiency to all the causes of action contained in the complaint. So tested, they are insufficient, because upon the face of the pleading they constitute no defense to the causes of action predicated upon preferential payments made after the new credits were extended.

It follows that the order and judgment appealed from must be reversed, and the demurrer sustained, with costs in this court and the court below, with leave to the defendant, upon payment of such costs, to amend its answer within 20 days. All concur.