### NEW YORK CENTRAL IRON WORKS CO. v. BRENNAN et al.

(Supreme Court, Special Term, Ontario County. March 31, 1909.)

1. PLEADING (§ 80*)—PARTIAL OR COMPLETE DEFENSE.

Where matter is not pleaded as a partial defense, it must be assumed to be pleaded as a complete defense, and as such tested as to its sufficiency.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 162; Dec. Dig. § 80.*]

2. INJUNCTION (§ 109*)—INTERFERENCE WITH EMPLOYÉS—DEFENSE.

In an action to enjoin a trade union lodge and others from interfering with plaintiff's employés, a paragraph of an answer alleging that, though plaintiff had agreed with its employés that nine hours should constitute a day's work, it attempted by threats to compel its employés, not alleged to have been employés when the agreement was made, nor defendants in the action, to work 10 hours a day on pain of dismissal if they refused, thereby wrongfully causing certain employés to quit work, to their damage, the contract not being alleged to have been made with the defendant lodge, did not state a defense, especially where the agreement was alleged to have been made to continue for an indefinite period, and hence subject to be abrogated at any time by either party.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 187; Dec. Dig. § 109.*]

3. INJUNCTION (§ 109*)—INTERFERENCE WITH EMPLOYÉS—DEFENSES.

It would be no defense as to a defendant, president of the lodge, that there was a conspiracy among plaintiff and other manufacturers to depreciate the market value of labor and prevent employés from lawfully organizing and assembling to obtain an advance in wages and to induce plaintiff to pay better wages to its employés, and that plaintiff determined to carry out the conspiracy by refusing to pay more wages than the rate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fixed by it in combination with the other manufacturers, though the combination were illegal.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 187; Dec. Dig. § 109.*]

4. INJUNCTION (§ 109*)—INTERFERENCE WITH EMPLOYÉS—DEFENSES.

A paragraph in the answer, alleging that plaintiff had undertaken to provoke assaults upon its officers, by aggravating defendants while they were lawfully upon the streets, that plaintiff might procure injunctions and warrants of arrest, with the ultimate object of preventing and destroying the organization of laborers and to reduce the price of labor, stated no defense, in the absence of allegation that plaintiff actually procured or provoked the commission of any of the unlawful acts alleged in the complaint.

[Ed. Note.—For other cases, see Injunction, Cent. Dig.. § 187; Dec. Dig. § 109.*]

5. PLEADING (§ 217*)—DEMURRER TO ANSWER—RIGHT OF DEFENDANT TO ATTACK COMPLAINT.

· On demurrer to the answer for insufficiency, defendant can only attack the sufficiency of the complaint to show that it does not state a cause of action, and he cannot raise the question of a misjoinder of parties defendant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 544½; Dec. Dig. § 217.*]

Action by the New York Central Iron Works Company against Michael Brennan and others. On demurrer to certain defenses in an answer. Sustained, with leave to amend.

See, also, 105 N. Y. Supp. 865.

Charles A. Hawley, for plaintiff.
P. N. Leahy, for defendants

FOOTE, J. Subordinate Lodge No. 188 of the International Brotherhood of Boiler Makers, etc., is alleged in the complaint to be an unincorporated association consisting of seven or more persons, and it is sued in the name of its president, as the law permits. There are a number of individual defendants, some of whom are alleged to be members of said Subordinate Lodge, and others of Lodge No. 149 of the Iron Molders' Union of North America, and others of a Teamsters' Union at Geneva, N. Y., but all the defendants, other than said Lodge No. 188, are sued as individuals. The action is brought to permanently enjoin the defendants from interfering with the employés of the plaintiff by means of threats, intimidation, personal violence, or other unlawful means calculated or intended to induce the plaintiff's employés to leave its employment, and from otherwise unlawfully interfering with the plaintiff and its business. The complaint alleges numerous unlawful acts of the character sought to be enjoined, and of the intention of the defendants to continue the same unless restrained.

The defendant Clements and said Subordinate Lodge No. 188, by Clements, as president, unite in a joint answer to the complaint, separate from the other defendants, in which all the alleged wrongful and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

unlawful acts alleged in the complaint are put in issue by a denial of knowledge or information thereof sufficient to form a belief. Paragraph numbered 3 of said answer contains the first separate affirmative defense, the sufficiency of which is challenged by the plaintiff's demurrer. It is pleaded as a defense of said Lodge No. 188, and not of said Clements individually. It alleges an agreement entered into by the plaintiff, on or about the 7th day of May, 1902, with its employés to the effect that nine hours should constitute a day's work in plaintiff's shop and that such agreement was to continue for an indefinite period, and was in force up to and including March 1, 1907, when plaintiff, by means of notice and placards placed upon its buildings and by means of threats to discharge certain of its employés, attempted to compel its employés to work ten hours per day, in violation of said agreement, on and after March 1, 1907, or, in the event of their refusal, to refuse to permit them to work at all, "by reason of which the plaintiff wrongfully and without just cause discharged or forced its certain employés to quit work and practiced upon them what is commonly called a 'lockout,' to the damage of said employés."

Not being pleaded as a partial defense, it must be assumed to be pleaded as a complete defense, and as such it must be tested as to its sufficiency. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675. But, whether tested as a partial or as a complete defense, it is clearly insufficient. The agreement of 1902 is not alleged to have been made with the defendant Lodge No. 188, which defendant alone sets up and seeks to take advantage of the agreement, but with the persons then plaintiff's employés, none of whom are alleged to have been employés in March, 1907, or defendants herein. The agreement is alleged to have been made for an indefinite time, and hence was subject to be abrogated at any time by either party; but had the agreement remained in full force, and had the plaintiff violated the same, such violation would not constitute a defense to the wrongful acts alleged in the complaint. Hence the demurrer to this defense must be sustained.

The second defense contained in the paragraph of the answer numbered 4 is pleaded on behalf of the defendant Clements individually and said Lodge No. 188. It alleges an unlawful combination and conspiracy between plaintiff and other manufacturers, under the name of a "Defense Association," to oppress and injure "this defendant and others like him" engaged in its employment, and to depreciate the market value of their labor and prevent them from lawfully organizing and assembling in a peaceable manner, and from co-operating with others employed in the trade of boiler making for the purpose of bettering their condition or obtaining an advance in rate of wages, and from assembling and co-operating and using lawful means to induce the plaintiff to pay established or better wages to all persons employed by it, and that plaintiff determined to carry out such conspiracy by refusing to pay any more wages, or any greater rate of wages than the rate and amount so arbitrarily fixed upon by plaintiff in combination and agreement with the others aforesaid, and that plaintiff would not employ the defendants, or any of them, except at and for a rate

of wages arbitrarily and definitely fixed and agreed upon by the plaintiff and its co-conspirators and confederates.

The combination here alleged to have been made by the plaintiff with other manufacturers to depress wages seems to be of the same general character as the combination represented by Lodge No. 188 to improve and increase wages. If, however, the plaintiff's combination is illegal, that fact would not be a defense to an action to restrain defendants from destroying or injuring plaintiff's property or business. If any cause of action exists in favor of these defendants against the plaintiff by reason of the facts here alleged, it is not one that would constitute a defense, either complete or partial, for the wrongful acts alleged in the complaint. The demurrer to this defense must be sustained.

The third defense alleged in the paragraph numbered 5 in the complaint is as follows:

"The defendant further alleges and sets forth as a separate answer and defense, upon information and belief, that certain officers, agents, and servants of the plaintiff have engaged in and undertook to provoke assaults upon the officers, agents, and servants of the plaintiff, by aggravating certain of the defendants and inviting them to fight, while said defendants were lawfully upon the streets of the city of Geneva, for the sole purpose and design of creating a disturbance, in order that the plaintiff might procure injunctions and warrants of arrest, with the ultimate object of preventing and destroying organization of laborers and to reduce the price of labor."

Had the defendant alleged in this defense that the plaintiff, or its officers, agents, or servants, acting in its behalf, procured or provoked the commission of any of the unlawful acts alleged in the complaint by means of invitations to fight or otherwise, it would be a proper pleading in defenses, inasmuch as the plaintiff seeks equitable relief; but, as it is, this defense does not purport to excuse or justify any of the acts alleged in the complaint; hence it is insufficient upon its face. It follows that the plaintiff's demurrer to each of these defenses must be sustained.

Defendant criticises the sufficiency of the complaint, and invokes the rule that, on demurrer to the answer for insufficiency, the defendant may attack the sufficiency of the complaint. But this rule does not help the defendants here. Such an attack, to be available, must show that the complaint does not state facts sufficient to constitute a cause of action. People v. Booth, 32 N. Y. 397. Defendants' criticism of the complaint does not go to its sufficiency as such, but is based upon the misconception that the plaintiff, by certain allegations in respect to certain defendants being members of Lodge No. 149 of the Iron Molders' Union and others of a lodge of a teamsters' union, undertakes in its complaint to make these unions parties defendant, when they are not named as such in the summons. A careful reading of the complaint discloses that there is no attempt to make any union a party to the action, except Lodge No. 188. Nor is the fact, if it be a fact, that there is a misjoinder of parties defendant, available to the defendants for this purpose. Furthermore, the sufficiency of this complaint has already been passed upon on the motion to dissolve the temporary injunction.

Plaintiff's demurrer is sustained, with costs, with leave to the defendant Clements and the defendant Lodge No. 188 to amend their answer within 20 days, if so advised, on payment of the costs of the demurrer.