(70 Misc. Rep. 135.)

### McCLUSKEY v. WILE.

(Supreme Court, Special Term, New York County. December, 1910.)

1. LANDLORD AND TENANT (§§ 169, 170*)—CONDITION OF PREMISES—PERSONAL INJURY—COMPLAINT.

In an action for injuries from stumbling over a dog on a staircase, a complaint alleging that defendant unlawfully permitted the dog, the property of one of his tenants, to lie on the staircase in defendant's apartment house, and to remain about the hall, so as to become a nuisance, and that defendant omitted to light the premises, in violation of law, *held* sufficient to sustain a judgment in either nuisance or negligence.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. §§ 169, 170.*]

2. LIMITATION OF ACTIONS (§ 30*)—NUISANCE.

In an action for nuisance, a defense that the cause of action did not accrue within three years is insufficient, under Code Civ. Proc. § 382, subd. 3.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 30.*]

Action by Helen McCluskey against Belle B. Wile. Judgment for plaintiff.

James F. Donnelly, for plaintiff.
Leon N. Futter, for defendant.

GOFF, J. The complaint avers that personal injuries were sustained by stumbling over a dog which lay on a staircase in defendant's apartment house. It is alleged "that the defendant unlawfully, negligently, and carelessly permitted a certain dog, the property of one of the tenants in said premises, to lie and remain about the hallways, lobbies, and staircases of said premises, so as to become a nuisance, as defendant well knew." It is further alleged that defendant had omitted to light the premises, "carelessly, negligently, and in violation of law." To the complaint defendant interposes a general denial, and as a separate and distinct defense sets up that the cause of action did not accrue within three years. Plaintiff demurs to the separate defense on the ground that it is insufficient on its face.

The complaint discloses a cause of action for negligence. Its averments are sufficient to make out a cause of action on the case for nuisance also. Hogle v. Franklin Mfg. Co., 199 N. Y. 388, 92 N. E. 794. There are not facts here alleged to show that the dog was a nuisance per se; but it is alleged that it was a source of danger, and if that be the fact the question of whether or not it was a nuisance is for the jury. Melker v. City of New York, 190 N. Y. 481, 488, 83 N. E. 565, 16 L. R. A. (N. S.) 621. It may have been a nuisance, although defendant's acts were of omission rather than commission. Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y. Supp. 857. If the cause of action is one for negligence only, the statute of limitations is a good defense (Code Civ. Proc. § 383, subd. 5); if it is for nuisance only, the defense is insufficient (Code Civ. Proc. § 382, subd. 3). But the complaint has both aspects. It is sufficient to sustain a judgment in either nuisance or negligence.

The defense of the statute of limitations, as it is interposed here, is not a partial defense within the meaning of the Code of Civil Procedure (section 508), requiring partial defenses to be so designated. It is not pleaded in reduction of damages, as was the case in Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675, but as an entire defense to the cause of action in one of its aspects. If this action had been brought when common-law pleading prevailed, the declaration would have contained two counts, one in nuisance and one in negligence, and it would have been simple for the defendant to plead the statute as to one count and not as to the other. When the Code of Procedure changed the forms of pleading, and compelled plaintiffs to include all their facts in one statement (Whittier v. Bates, 2 Abb. Prac. 477), it was not intended to take away any right of pleading under the statute of limitations which a defendant might have to a complaint in any aspect. If this defendant has not that right, she is deprived of the benefit of the statute of limitations as to the cause of action in its aspect of negligence.

But at common law, if a defendant interposed a plea of the statute to the entire declaration and it was valid as to one count only, the plea was bad as to both. 1 Lev. 48; Ballantine on Limitations, 225. So here the plea is good so far as the complaint is in negligence, but bad so far as it is in nuisance. It is, therefore, altogether, bad. It would have been possible for the defendant to separate the allegations of the complaint which show a cause of action in negligence, and to plead the statute to them alone, leaving as the only issue to be tried the date when the action was begun and those facts which are essential to an action on the case in nuisance.

Judgment for plaintiff on the demurrer, with costs to abide the event, with leave to defendant to plead over.

Judgment for plaintiff.