## Fero *vs.* Ruscoe.

On the trial of an action of slander, in which the defendant had pleaded a justification, the judge charged that a failure to make out such justification was *in law* an aggravation of the slander. *Held*, that there was no error in the charge.

Where in the action for slander the defendant justifies in his pleadings, but his evidence under that plea fails to make out a full justification, he is not entitled to *any benefit* from such evidence.

Where several distinct things are charged, the defendant may justify as to one, although he fail as to the others; but as to that one, the justification must be full. Thus if the charge is perjury, it will avail nothing to prove that the plaintiff swore false through an innocent mistake.

Where however the general issue only is pleaded, the defendant may show that the alleged slander was a privileged communication, or give any other evidence to disprove malice. But he may not under that plea prove the truth of the charge, nor give evidence tending to that result, either as a complete defence or in mitigation of damages.

APPEAL from the supreme court, where Cornelia Fero brought an action of slander against John B. Ruscoe, for charging her

with perjury in giving evidence before referees in a suit wherein Roscoe was plaintiff and Isaac W. Fero (the plaintiff's father) was defendant. The defendant pleaded the general issue, the statute of limitations, and a *justification of the charge*. On [163] the trial at the Schoharie circuit, before WATSON J. in Oct. 1847, after the plaintiff had made out the speaking of the slanderous words, the defendant introduced evidence for the purpose of proving the truth thereof and making out his justification. The judge charged the jury, amongst other things, that the failure to establish a justification was in law an aggravation of the slander, and that the defendant was not entitled to any benefit from the evidence given to make out a justification, if the jury believed that it failed to make out a full justification. The defendant's counsel excepted, and requested the judge to charge the jury, that although they did not believe the defendant had made out a justification, yet they had a right to consider and were bound to consider the evidence tending to establish it in reference to the amount of damages. The judge refused so to charge, and the defendant excepted. The plaintiff had a verdict for $260, which the supreme court refused to set aside. The defendant appealed to this court.

*N. Hill, Jr.* for appellant. I. The judge erred in charging the jury that the attempt and failure to justify was *in law* an aggravation of the slander. The jury may have found from the evidence, that the justification was attempted in entire good faith, with the most ample reason for believing it true; and that the defendant was led into this belief from the fault and improper conduct of the plaintiff. For example, though the plaintiff swore false, the jury may have found that she swore inconsiderately or rashly, but was not fully aware that it was false at the time; and then the justification would not be fully established. (1 *Iredell*, 309; 1 *Baldwin*, 370; 6 *Binn.* 249; 1 *Bailey*, 50.) If the defendant was led to the speaking of the words from a sense of injury arising from the falsehood of the plaintiff, even though it did not amount to perjury by reason of a mistake of which the defendant was not aware, the attempt

to justify would not, as matter of law, aggravate the slander. It would be enough, in such case, and more than enough, to make the defendant pay a verdict to compensate the plaintiff, [164] and declare her innocence. At any rate, *the law* does not declare that the defendant, under such circumstances, shall pay any more. Whether the attempt to justify shall be deemed an aggravation or not, is a question depending on circumstances, which ought to be submitted to the jury. The *law* has not provided one invariable rule for all cases.

II. But the charge goes further, and declares, as matter of law, that the defendant was not entitled to *any benefit* from the evidence given to justify, if a full justification was not made out. This excluded the jury from considering the evidence even by way of palliating the defendant's attempt to justify. If this be correct, the aggravation must in all cases be the same, without regard to the question whether there was probable cause for the justification or not, and even though the plaintiff, by his fault or improper conduct, led the defendant to attempt a justification. The charge virtually tells the jury, that though the evidence shows that the justification was attempted in entire *good faith*, they must give as much damages as if it was attempted in *bad faith;* for the defendant, it says, is not entitled to *any benefit* from the evidence.

*T. Smith,* for respondent. I. The justice committed no error in charging the jury "that the failure to estalish a justification was in law an aggravation of the slander." (*Root* v. *King and Verplank,* 7 *Cowen,* 613) *and same case in error,* 4 *Wend,* 113 ; 5 *Yerger's Rep.* 211.) A plea of justification is a reiteration of the slander and evidence of continued malice. (7 *Cowen,* 613.)

II. The justice was also right in charging the jury in connection with the above, "that the defendant was not entitled to any benefit from the evidence given, to make out a justification, if the jury believe that such evidence did not make out a full justification." The justification when pleaded must be as broad as the charge. In this case the charge was perjury; and the de-

Fero *v.* Ruscoe.

fendant in order to sustain his plea of justification, was bound to prove that the plaintiff was guilty of legal perjury. The language of the judge was equivalent to saying that the justification must be fully sustained by the proof, and that evi- [165] dence introduced by the defendant, could not help him for that purpose, unless it came up to this rule. The plea of justification admits the malice, and precludes all such other evidence in mere mitigation, as goes to repel the inference of malice ; as that words were spoken in a passion, not maliciously or through mistake. (*Root* v. *King*, 7 *Cowen*, 613.)

BRONSON, Ch. J. When one who is sued for defamation deliberately reaffirms the slander, and puts it on the records of the court by way of justification, if he fail to establish the truth of his plea, he has done the plaintiff a new injury, which may properly be regarded as an aggravation of the original wrong. It is said that the attempt to justify may be made in good faith, or the honest belief that the plaintiff is guilty of the matter laid to his charge. That may be so ; but the injury to the plaintiff is not diminished by the mistaken belief of the defendant. And when a man is called into court for charging another with a crime, he ought to pause and examine before he repeats the charge, and places it on record ; and if he makes a mistake in such a matter, it should be at his peril, and not at the peril of the injured party.

The justification must be as broad as the charge ; and if the defendant fails in an attempt to prove it true, he is entitled to no benefit from the evidence which may have tended in that direction. There is no such thing as a half-way justification. When several distinct things are charged, the defendant may justify as to one, though he may not be able to do so as to all ; but as to any one charge, the justification will either be every thing or nothing. If the charge be of stealing a horse, it is not half of a defence, nor any part of one, to show that the plaintiff took the horse by a mere trespass : or if the charge be perjury, proof that the plaintiff swore falsely through an innocent mistake amounts to nothing. If the plaintiff offers evidence which goes

only part of the way towards a justification, all will agree that [166] it should be rejected, because it does not cover the whole ground; and clearly the defendant ought not to gain any thing by offering to prove more than he can, and thus getting in evidence which would otherwise have been excluded.

When the defendant pleads the general issue, and nothing else, he may show if he can, that the alleged slander was a privileged communication; or give other evidence to disprove malice. But he is not at liberty under that plea, to prove the truth of the charge, nor to give evidence tending in that direction. He can neither do it as a complete defence, nor by way of mitigating damages.

All the questions made by this case have been settled against the defendant in this state; (*Shepard* v. *Merrill*, 13 *John.* 475; *Van Ankin* v. *Westfall*, 14 *id.* 233; *Andrews* v. *Vanduzer*, 11 *id.* 38; *Root* v. *King*, 7 *Cowen*, 613, *and S. C. in error*, 4 *Wend.* 113;) and I am of opinion that the judgment should be affirmed.

Judgment affirmed.