[No. 4799.]

## LOUIS PINK AND MARGARET PINK, HIS WIFE, *v.* PETER CATANICH.

DAMAGES IN ACTION FOR SLANDER.—In an action for slander for speaking words actionable *per se*, an allegation in the complaint, that before the speaking of the alleged slanderous words the plaintiff had sustained a good name and reputation among his neighbors, is superfluous, and need not be denied; but if denied, and no attempt is made to prove the allegation untrue, it does not aggravate the slander or authorize the jury to add to the amount of damages.

SLANDEROUS WORDS.—The words, " You are a thief and whore," when spoken of a person, are actionable *per se*.

CERTIFICATE OF CLERK TO TRANSCRIPT.—The certificate of a clerk to a transcript on appeal, " that the foregoing are full, true and correct copies of originals on file and of record in my office, and that the foregoing constitutes the transcript on appeal," is sufficient in point of form.

BILL OF EXCEPTIONS.—The judge has authority to extend the time for filing a bill of exceptions.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Action to recover damages for speaking slanderous words. The complaint alleged that the defendant, in the presence of third persons, called the female plaintiff a damned thief and a damned whore, and that, at the time of speaking the words, the female plaintiff " sustained a good name and character among her neighbors and acquaintances for moral worth, honesty, virtue, and integrity." The plaintiff ob-

tained the verdict of a jury and had judgment in his favor. The defendant moved for a new trial on a bill of exceptions. The judge extended the statutory time for filing the bill of exceptions. The court denied a new trial, and the defendant appealed from the order and judgment. The clerk, in certifying to the transcript, merely stated, "The foregoing are full, true, and correct copies of originals on file and of record in my office, and that the foregoing constitutes the transcript on appeal from the judgment and from the order of the court denying defendant's motion for a new trial."

The other facts are stated in the opinion.

*Z. Montgomery, and Moore, Laine, Delmas & Leib,* for the Appellant.

The defendant's answer asserted nothing but his own innocence; true, he denied the plaintiffs' allegation as to her having a good name, etc., but he did not affirm that she had a bad name or a bad character; she may have had no character of any kind ; may have been a recent arrival in that neighborhood and not have acquired any character or reputation (for reputation is character) to be injured. (Townshend on Slander and Libel, note 20.)

The only case in which the answer of a defendant in a suit of this kind can be used in aggravation of damages, is where justification is pleaded and fails upon proof, because this is a republication of the slander. (Townshend, *supra,* sec. 400.)

*Burch & Griffith,* for the Respondent.

The instruction assigned as error is correct. The Civil Code, sec. 43, declares that every one has the "personal right of protection" * * * "from defamation," * * * which means that every one is presumed in law to have a character for "honesty" and "chastity," until the contrary is proved. By section 48, slander is defined as a charge which imputes to another a crime (subd. 1), such as, "You are a thief;" or, with a *"want of chastity"* (sec. 4), such as, "You are a whore," and are actionable *per se,* malice being inferred from the use of such language (Id. sec. 48), and the

jury may award exemplary damages. (Id. secs. 3281–3294; *Lick* v. *Owen*, 47 Cal. 252.)

By the COURT:

The plaintiffs allege in their complaint that at the time of the speaking of the words set forth in the complaint, the plaintiff, Margaret, sustained a good name and character among her neighbors and acquaintances for moral worth, honesty, virtue and integrity. The defendant denied the allegation. The court below instructed the jury that if the defendant "unnecessarily denied in his answer the character of the plaintiff for chastity, without attempting to prove the truth of such imputation, this is an aggravation of the original slander." The words set forth in the complaint are actionable *per se*, and the preliminary panegyric upon the character of the female plaintiff was entirely superfluous. It might have been properly stricken out on motion. It was, however, stated in a traversible form, and invited the denial by which it was met in the answer.

The fact that it was denied, and that so far forth an immaterial issue was joined, did not authorize the court to instruct the jury that *if the traverse was unnecessary* they should for that reason, by their verdict, add to the amount of damages which the plaintiff would otherwise recover.

To deny that the female plaintiff had acquired a good character—by which we understand a good reputation—among her neighbors, is not equivalent to an allegation that her reputation was bad, in the sense of the rule which permits a jury to find additional damages for a supposed wanton, malicious or reckless defense.

Judgment and order denying a new trial reversed, and cause remanded.

A rehearing was granted, after which the following opinion was delivered by the Court:

The certificate of the clerk is sufficient in point of form. The judge had authority to extend the time for filing the bill of exceptions, and the bill was filed within the time allowed. The objections taken by the respondent, are,

therefore, overruled, and the judgment and order denying a new trial are reversed and the cause remanded for the reasons stated in the former opinion.

Remittitur forthwith.