CHAMPION BISSELL, Appellant, v. THE PRESS PUBLISHING COMPANY, Respondent.

| 62h | 551 |
| 83 AD³474 |
| 83 AD³476 |

*Libel — privileged communications — reports of proceedings in Police Courts — matter in mitigation of damages is a partial defense and may be so pleaded — Code of Civil Procedure, secs. 508, 1907.*

In an action brought to recover the damages resulting from an alleged libel the answer began with a general denial; it then alleged, as separate and partial defenses, that the publications set forth in certain of the causes of action were fair and true accounts of proceedings had before a police justice, were published without malice and in the belief that they were true, and that they were privileged.

These defenses were not specifically pleaded in mitigation of damages, and upon that ground, and upon the ground that the publications were not privileged communications, the plaintiff demurred.

*Held,* that the demurrer could not be sustained.

That, within section 1907 of the Code of Civil Procedure, fair and true reports of proceedings before police magistrates were privileged.

That, within section 508 of said Code, matter tending to mitigate the damages, in an action brought to recover for a personal injury, is now a partial defense, and may be pleaded as such.

APPEAL by the plaintiff, Champion Bissell, from an order dated May 4, 1891, and entered in the office of the clerk of the city and county of New York, overruling a demurrer interposed by the plaintiff to the second and third partial defenses set forth in the amended answer, and from an interlocutory judgment entered in said clerk's office on the 11th day of June, 1891.

*D. D. McKoon,* for the appellant.

*Lowery, Stone & Auerbach,* for the respondent.

BARRETT, J.:

The action is for libel. The complaint sets forth several causes of action. The answer commences with a general denial. It then alleges that, so far as the publications set forth in the seventh and eighth causes of action purport to be accounts of proceedings before a police justice, the same were fair, true and correct accounts of such proceedings, and were published without malice and in the belief that they were true. Upon this it is further alleged that such publications were privileged and are not actionable. These defenses are not specifically pleaded in mitigation of damages. They are characterized as separate and partial defenses. The demurrer is upon the ground that these partial defenses are insufficient in law, upon the face thereof, and two points are made against them: First, that the proceedings before the police magistrate were not privileged; and, second, that they should have been specially pleaded in mitigation of damages, and not in justification.

The authorities cited by the appellant upon the first point were either at common law or prior to the act of 1854, chapter 130. The case which he mainly relies upon (*Stanley* v. *Webb,* 4 Sandf., 21) was decided prior to the passage of this act, and it is no longer an authority. Indeed, it was subsequently held by the same court (in 1874) that

proceedings before a police magistrate were "judicial proceedings" within the meaning of the act (*Ackerman* v. *Jones*, 37 Supr. Ct., 55, and cases there cited), and that there was no distinction between such proceedings and the regular proceedings in a court of law. We have no doubt of the correctness of this decision. Fair and true reports of proceedings before police magistrates are within both the spirit and the letter of section 1907 of the Code of Civil Procedure, and their publication is thereby privileged. The second point is also untenable. Whatever the rule may have been prior to the Code of Civil Procedure, matter tending to mitigate damages in an action for a personal injury is now a partial defense. (Code of Civil Pro., § 508.) It may, therefore, be set up as such in the present case. If the matter set forth as a partial defense is established upon the trial, it will eliminate so much of the libel set forth in the complaint as is covered by the privilege. Thus the libel will be shorn of some of its elements and the damages will be proportionately reduced. The appellant, in his elaborate argument and citation of authorities on this point, overlooks this new provision of the Code, which seems to have been enacted for the very purpose of changing the old rule, as laid down in *Van Benschoten* v. *Yaple* (13 How. Pr., 100); *Newman* v. *Otto* (4 Sandf., 608), and other cases. If matter tending only to mitigate or reduce damages is, under this section, a partial defense, then surely it may be pleaded as such. Now, the matter here pleaded and admitted by the demurrer is, strictly speaking, a partial defense to the cause of action set forth. For it establishes a perfect defense to part of the libel. It also, and, indeed, as a sequence, tends to mitigate the damages recoverable for this entire publication. In either aspect it was, under this section 508, properly pleaded as a partial defense.

The judgment appealed from should, therefore, be affirmed with costs, with leave to withdraw the demurrer on payment of costs of appeal and costs of demurrer at Special Term.

Van Brunt, P. J., and Andrews, J., concurred.

Judgment affirmed, with costs, with leave to withdraw the demurrer on payment of costs of appeal and costs of demurrer at Special Term.