SAWYER v. BENNETT et al.

*(Supreme Court, Special Term, New York County.  June, 1892.)*

1. LIBEL—PLEADING JUSTIFICATION—DEMURRER.
    In an action for libel, an answer which pleads in justification the truth of the alleged libel contains new matter within Code Civil Proc. § 494, providing that plaintiff may demur to a defense consisting of new matter.
2. SAME—PARTIAL DEFENSE.
    Where defendant in an action for libel pleads the truth of parts only of the alleged libelous publication, it is insufficient as a defense, when not pleaded specifically as a partial defense or in mitigation of damages.

Action by Lucius Willard Sawyer against James Gordon Bennett and others for libel.  Plaintiff demurred to the answer.  Sustained.

For appeal from order denying motion for bill of particulars, see 18 N. Y. Supp. 24.  See, also, Id. 938.

*Eugene Frayer* and *Warner & Frayer,* for plaintiff.   *John Townshend,* for defendants.

BEACH, J.   The action is for libel.   The answer, by its second and third defenses, pleads in justification the truth of certain portions of the articles alleged to be libelous.   The plaintiff demurs upon the ground that the defenses are insufficient in law upon the face thereof.   It is provided by section 494, Code of Civil Procedure, that plaintiff may demur to a defense consisting of new matter contained in the answer, on the ground above specified.   The objection that the plaintiff has mistaken the remedy cannot be sustained.   The plea of truth in defense is new matter within the statute meaning.   The reason is that it is wholly outside and distinct from the alleged cause of action, and must be affirmatively pleaded by the defendant and so proven upon the trial.

I am of opinion, too, that the demurrer is well taken.   The justification fails as a complete defense, because it relates but to parts of the publication alleged libelous.   It must be so weighed, not being pleaded specifically as a partial defense or in mitigation of damages.   *Thompson* v. *Halbert,* 109 N. Y. 329, 16 N. E. Rep. 675.   That the justification as pleaded is not a complete defense is hardly debatable.   To be so, the justification must be as broad as the charge, and of the very charge attempted to be justified.   Townsh. Sland. & L. (3d Ed.) § 212, and cases there cited; *Skinner* v. *Powers,* 1 Wend. 451; *Fero* v. *Ruscoe,* 4 N. Y. 162.   The averments of verity in the defense will be found, upon examination, limited to specified facts contained in the publication, the libelous character whereof may be seriously questioned.   The other charges against the plaintiff are omitted.   That the justification falls far short of the charges seems apparent.   Judgment ordered for plaintiff on demurrer to answer, with costs.   Leave to amend on payment of costs.