Beach, J.
The action is for libel. The answer,,by its-second and, third defenses, pleads in justification the truth of certain portions of the articles alleged to be libellous.. The plaintiff demurs upon the ground that the defenses are insufficient in law upon the face thereof. It is provided by section 494 Code of Civil Procedure, that plaintiff may demur to a defense consisting of new matter contained in the answer on the ground above specified. The objection that the plaintiff has mistaken the remedy cannot be sustained. The plea of truth in defense is new matter within the statute meaning. The reason is that it is wholly outside and distinct from the alleged cause o£ *395 action and must be affirmatively pleaded by the defendant and so proven upon the trial. '
I am of opinion, too, that the demurrer is well taken. The justification fails as a complete defense, because it relates but to parts of the publication alleged libellous. It must be so weighed, not being pleaded specifically as a partial defense or in mitigation of damages (Thompson v. Halbert, 109 N. Y. 329). That the justification as-pleaded is not a complete defense is hardly debatable. To be so, the justification must be as broad as the charge and of the very charge attempted to be justified ( Townshend on Libel, 3d ed., § 212, and cases there cited ; Skinner v. Powers, 1 Wend. 451 ; Fero v. Ruscoe, 4 N. Y. 162). The averments of verity in the defense will be found, upon examination, limited to specified facts contained in the publication, the libellous character whereof may be seriously questioned. The other charges against the plaintiff are omitted. That the justification falls far short of the charges seems apparent.
Judgment ordered for plaintiff on demurrer to answer,, with costs. Leave to amend on payment of costs.
Note on the Burden and Order of Proof as to-Truth, Falsity, Character, Malice and Privilege, in actions for Defamation.
The books seem to.leave some obscurity upon the very practical question of the burden and order of proof as to-character and falsity, in actions for libel and slander.
Proof dispensed zvith by reason of presumption.] It is dearth at if the matter charged is actionable perse, plaintiff makes a case without giving evidence of the falsity of the defamatory matter, and without giving evidence of his own good repute. (Cases 1-4.)
Allegation unnecessary.] If this were merely a rule of evidence, resting on the theory that the presumption supplies, the place of direct evidence in establishing a necessary element in plaintiff’s case, then the allegation of falsity would be essential in the pleading, and the proof alone would rest on the presumption. But the language of all the authorities is to the effect that the presumption dispenses with *396 pleading as well as with evidence ; and it is upon this ground that when the allegation is inserted it not only does not require proof, but it is not traversable ; that is to say, a mere denial of it will not raise an issue. (See at p. of this vol.)
Hence evidence not admissible in chiefs It necessarily follows that it is not improper for the court to refuse to allow plaintiff to prove either his good repute or the falsity of the matter charged, either for the purpose of proving malice or enhancing damages. (Cases 5-7.) Of course we are speaking thus far of actions where the language is actionable per se, and special damages are not alleged. This principle is sufficient to determine the right to open and close. (Cases 8-10.)
— unless truth is specially pleaded.] Where there is a general denial, as well as where an allegation of falsity is specifically denied, there is therefore no issue on the truth or falsity of the matter, and the court may refuse to allow plaintiff to go into that question in his evidence in'chief. (Cases 11-13.) But if truth is pleaded as a justification, then defendant has a right to prove .truth and if he makes a prima facie case of truth plaintiff is bound to prove falsity in rebuttal. (Case 14.) If defendant merely adduces evidence for the jury tending to show truth, plaintiff will have a right to prove falsity in rebuttal. Therefore, upon settled principles, the court may in its discretion allow plaintiff to give evidence of falsity in his case in chief. (Cases 15, 16.) But whether after he has done so, the court will allow him to go into like evidence again in rebuttal, will depend on its discretion also, except so far as he proposes to restrict his evidence in rebuttal to contradicting the very evidence adduced by defendant. (For this principle, see Ankerschmidt v. Tuch, 23 Abb. N. C. 87, with note.)
Mitigation.] The same principles appear to apply where evidence of truth is relied on in mitigation. (Cases 17, 18.)
Character.] The same principles apply to the allegation of plaintiff’s good repute, (Case 19)
Privilege.] On the other hand it is held that although if the matter is actionable per se falsity is evidence of majice, and the presumption of malice arising from falsity suffices to sustain the jury in giving exemplary damages (Cases 20-22), yet under a general denial, defendant may give evidence of circumstances creating privilege, (Case n) and when privilege is established as matter of law, then malice "has been already rebutted. Falsity is not longer sufficient to show malice, but evidence tending to show malice in fact must be adduced by plaintiff. (Cases 23, 24.)

*397
Notes of Cases.

1. Broughton v. McGrew, 39 Fed. Rep. 672 (U. S. Cir. Ct. of Ind.). Action for slander m charging plaintiff with drunkenness. Woods, J., in charging the jury said: “ It is not necessary- that the complainant shall in the first instance offer any proof directly bearing on his previous good character, or proof that the words if uttered were false.....when he has made proof that the-words were uttered as charged, the jury will presume that they are false unless proof to the contrary is introduced. While the burden is on the plaintiff to make out his case as charged, he is helped out in this respect by the presumption, and is under no necessity to-offer direct proof upon the subject.’’
2. Hunt v. Bennett, 19 N. Y. 176. Action for libel for publishing that plaintiff, a police officer, had beaten with a cane a drunken woman whom he had arrested. Upon the trial it was insisted that the complaint should have alleged that it was false and malicious.
The court say: “The law presumes it [the publication] to be false, and where, as in this case, it is unambiguous and not capable of being understood in any other sense than as defamatory to an extent that must necessarily expose the plaintiff to contempt and ridicule, it is by implication of law malicious. Such an allegation though common and quite proper is where the law implies the fact mere _ matter of form, the lack of which, since the adoption of the Code, forms no legal objection to a pleading. But if such' an allegation was indispensible, it may be found in the complaint. The plaintiff alleged" that the words and figures contai ned in the publication was a libel.”
3. Scofield v. Demorest, 55 Hun, 254. In sustaining an order denying a motion to compel plaintiff in an action for libel to reply to the plea of justification set up in the answer on the ground that it was not necessary in order to prevent defendant from being surprised at the trial,—the Court say: “It must be conceded that strictly speaking such justification is in the nature of new matter by the way of avoidance, as that expression is used in section 516 of the Code of Civil Procedure. The plaintiff may rest on the proof of publication. The presumption of innocence attaches until it is overthrown by defendant. The allegation of falsity is not traversable, and the defendant must plead facts which constitute justification.”
4. Byam v. Collins, 111 N. Y. 143. In case of oral defamation, as in the case of written, if the words uttered were not privileged, the law implies malice.
*398 5. Hartranft v. Hesser, 34 Pa. St. 117. In an ordinary case of an action for slander, where general issue is taken, plaintiff will not be allowed to prove the falsity of the charge either for the purpose of proving malice or enhancing damages; for his innocence is presumed. S. P., Chubb v. Goell, Id. 114.
6. Ætna Life Ins. Co. v. Paul, 23 Ill. App. 611. In an action for libel, it is improper to permit plaintiff in the first instance, and before any other evidence is given, to introduce evidence as to his general character.
7. Hitchcock v. Moore, 38 Northwest. Rep. 914. Plaintiff has no right to introduce evidence of his good character as a part of his main case, as the law presumes the plaintiff’s character to be the best.
8. Stith v. Fullinwieder (Kans. 1888), 19 Pacific Rep. 314, Action for a libel consisting of words and charges that were actionable per se. Plaintiff did not claim any special damages. Defendant admitted the publication and pleaded justification. Held, that the burden of the issues was on the defendant; and under the Kansas statutes he was entitled to first introduce evidence and to have the opening and closing. The court say : “ The -charges in the letters being actionable, malice . must be imputed, and the good character and reputation of the plaintiff presumed. No special damages being claimed, no burden was -on the plaintiff, and upon the issues without evidence, judgment must have been for the plaintiff.”
9. Heilman v. Shanklin, 60 Ind. 424. Where, in an action for libel, the "answer is in justification oíily, the defendant has the burden of proof and is entitled to open or close.
. 10. Contra. Buckley v. Knapp, 48 Mo. 152. When defendant in an action fora liable pleads justification, that plea does not entitle him to open and close the case. Where, as in such cases, the damages are unliquidated and depend upon proof, the plaintiff is generally entitled to open.
S. P., Elder v. Oliver, 30 Mo. App. 575.
11. Fero v. Ruscoe, 4 N. Y. 162. The court say : “ When the defendant pleads the general issue and nothing else, he may show, if he can, that the alleged slander was a privileged communication ; or give some other evidence to disapprove malice. But he is not at liberty under that plea to prove the truth of the charge, nor to give evidence tending in that direction. He can neither do it as a complete defense nor by way of mitigating damagds.”
*399 12. Contra. Dennis v. Johnson, (Minn. 1891) 49 Northwest. Rep. 383. A plaintiff, having specifically alleged in his complaint a material fact, (e.g., the good reputation of the plaintiff in an action for libel), which would be presumed without averment and concerning which the burden of pleading and proof would ordinarily rest on the defendant, the defendant may raise an issue thereon by a mere denial in his answer of the fact thus alleged by the plaintiff,
13. [At common law, unless notice thereof is given under the general issue, or the matter is specially pleaded, truth could not be given in evidence, and under the general issue evidence in mitigation which did not tend to a justification, and which fell short of it, was admissible; but under the Code mitigation and justification are put upon the same footing and both must be set up in the answer. See Snyder v. Andrews, 6 Barb. 43.]
14. Holmes v. Jones, 121 N. Y. 461. Action for libel in charging an undertaker with having made an excessive charge for services. Defendant pleaded justification. The plaintiff gave no evidence of the value of his services, but only what he did. Defendant gave evidence showing that plaintiff’s charge for his services was exorbitant. Held error for the court to refuse to instruct "the jury that the charge had been fully justified.
15. Hintz v. Graupner, (Ill. 1891) 27 Northeast. Rep. 935. Action for slander in charging that plaintiff had confessed that she had stole money. Defendant interposed a plea of justification. Held, not a prejudical error to allow plaintiff to prove that she had not made the confession before defendant had attempted to prove it.
The court say: “ Plaintiff had introduced testimony tending to show that the defendant had stated that plaintiff had made a confession of having stolen money. If she had made such a confession, then his statement was true and there was no slander. Unless plaintiff showed in the first instance that no such confession had been made, defendant’s statement that it had been made, could not be regarded as slander.”
16. Blumhardt v. Rohr, 70 Md. 328. Action for slander for charging a butcher with selling diseased meat. Defendant justified and issue was joined thereon. Held, that it was not error to allow plaintiff to show that he was not selling diseased meat.
17. Bodwell v. Swan, 3 Pick. 376. In an action for slander, evidence tending to prove that the words spoken were true, or that there were reports in circulation of particular instances of impropriety in plaintiff's conduct, will not be admitted under the general issue in mitigation.
*400 18. Scott v. McKinnish, 15 Ala. 662. Where the slander consisted in charging a woman with being a whore. Held, that defendant could not prove in mitigation a specific act of impropriety committed by plaintiff, because such evidence tended to prove the truth of the charge.
19. Pink v. Catanich, 51 Cal. 420. In an action for slander for words actionable per se, an allegation in the complaint that before the speaking of the alleged slanderous words the plaintiff had sustained a good name and reputation among his neighbors is superfluous and need not be denied; but if denied and no attempt is. made to prove the allegation untrue, it does not aggravate the slander or authorize the jury to add to the amount of damages.
20. Bergmann v. Jones, 94 N. Y. 51. Where a publication was. per se a libel, held not error to charge the jury that the falseness of the libel is evidence of malice, and it is a question for the jury whether the malice is of such a character as to call for exemplary or punitive damages.
21. Morrison v. Press Publishing Co., 38 State Rep. 357; s. c., 14. N. Y. Supp. 131. Where the evidence shows that the libel was false, although there is nothing to show that defendant was actuated. by spiteful or revengeful feelings, it is proper for the court to instruct the jury that they might give such exemplary damages as. were warranted by the evidence.
21. Samuels v. Evening Mail Asso., 75 N. Y. 604 ; reversing the-General Term on the dissenting opinion of Davis, P. J., reported in 9 Hun, 288. ^Action for libel published in a newspaper. Defendant gave evidence in mitigation that its news was carefully collected and that it published a retraction on the following day. The court instructed the jury that they might give exemplary damages, if they believed the libel was maliciously published.
Davis P. J., says : “ The plaintiff in an action of libel gives evidence of malice whenever he proves the falsity of the libel. It. becomes then a question for the jury whether the malice is of such a character as to call for exemplary or punitive damages; and that question is not to be taken away from the jury because the defendant gives evidence which tends to show that there was no. actual malice. When he gives no such evidence, it is the duty of the court to say to the jury that on proof of the falsity of the libel,, the plaintiff is entitled to exemplary damages in their discretion. But where he gives evidence tending to prove the absence of actual malice, then it is the duty of the judge to submit to the jury *401 the question as one of fact, whether such malice existed in the publication.” See also Bissell v. Press Publishing Co., 62 Hun, 551.
23. Decker v. Gaylord, 35 Hun, 584. In an action for slander where it is shown in defense that the communication was privileged by reason of the relationship between the defendant and the person to whom the alleged slanderous words were communicated, the burden is on the plaintiff to show that the communication was not made in good faith. In such a case the falsity of the charge is not sufficient to raise an inference of malice.
24. Byam v. Collins, 111 N. Y. 143. Whether within the rule a libelous communication is privileged is a question "of law; and when upon any trial it has been held as a matter of law to be privileged, then the burden rests upon the plaintiff to establish as a matter of fact that it was maliciously made, and this matter of fact is for the determination of the jury.