Stella Stafford, Respondent, *v.* The Morning Journal Association, Appellant.

*Libel — evidence of plaintiff's good character — newspaper advertisement — knowledge by publisher — issue as to good faith in the publication — evidence to show how the publication was understood — absence of witness explained.*

The admission, on the trial of an action brought to recover damages for the publication of a libel, of evidence of the plaintiff's good character and reputation, in the absence of any testimony to the contrary, even if superfluous and immaterial, is harmless, and does not call for the reversal of a judgment (Follett, J., dissenting).

On the trial of such an action, the column of the newspaper in which the article appeared in the form of an advertisement, may be given in evidence as tending to characterize the publication.

When the question of the good or bad faith with which a libelous article, in the form of an advertisement, was published in a newspaper is at issue, evidence tending to show notice or knowledge on the part of the editor and manager of the paper, of the character of advertisements in the column in which the article in question appeared, is competent as bearing on that issue.

On the trial of such an action, brought by a woman, evidence of insulting letters received by her, and of visits by men to her residence at night, subsequent to the publication of the libelous article, may be competent, although no special damage on that ground is alleged in the complaint, to show in what sense the publication was understood by persons who so annoyed or insulted the plaintiff.

The publication of the following article in a newspaper, as an advertisement in a column headed " Astrology," *held*, libelous *per se :* " Le Huray Sisters, Blanche, Stella and Allien, just from Paris ; massage, French style ; love secrets ; how to get a husband ; enclose stamp ; valuable information for ladies by aid of cards. Le Huray Sisters, 444 2nd Ave., Mount Vernon, N. Y."

On the trial, it appeared that the libelous advertisement was inserted in the defendant's newspaper by a relative of the plaintiff ; this relative was not present at the trial, and the plaintiff was permitted to put in evidence an inquisition and adjudication that the relative was a lunatic, made some months after the publication.

*Held*, that, if such evidence were not competent to show that the relative was insane at the time of the publication, for the purpose of rebutting any inference that the insertion of the advertisement by him was authorized by the plaintiff, it was admissible for the purpose of explaining why he was not produced as a witness for the plaintiff.

APPEAL by the defendant, the Morning Journal Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 25th day of November, 1892, and from an order entered on the same day, denying the defendant's motion for a new trial made upon the minutes.

*B. F. Einstein*, for the appellant.

*Roger M. Sherman*, for the respondent.

O'BRIEN, J. :

The action was brought to recover damages for the publication in the *Morning Journal* of an article complained of as libelous and which reads as follows :

" Le Huray Sisters, Blanche, Stella and Allien, just from Paris ; massage, French style ; love secrets ; how to get a husband ; enclose stamp ; valuable information for ladies by aid of cards. Le Huray Sisters, 444 2nd Ave., Mount Vernon, N. Y."

The defendant did not in its answer or on the trial claim that this was in any sense a privileged communication, nor did it attempt to justify, but set up and proved in mitigation, that the matter was published as an advertisement received from a general advertising agency in the regular course of its business, and under the honest belief that it was authorized by the plaintiff; and when it was informed by plaintiff's husband that it was unauthorized by her, it at once offered to publish any retraction or explanation or correction, in the columns of its newspaper, which offer was declined. The trial resulted in a verdict for $10,000, and all the questions presented upon this appeal relate to exceptions taken to the admission or exclusion of evidence and to requests to charge proposed by plaintiff, and to refusals to charge as requested by defendant.

It is not claimed that the verdict is so large as to indicate that the jury were influenced by passion, partiality, prejudice or corruption; and having in mind the rule that damages in cases of this kind are largely within the discretion of the jury, and regard being had to the nature of the libel, we do not think that we should disturb such verdict upon the ground that the damages awarded were excessive.

The first exception urged is the permitting evidence to be given of the general reputation of the plaintiff for chastity and virtue. The complaint alleged that plaintiff was of "good character and repute, and enjoyed the respect of her friends and acquaintances and of the community."

The answer stated that the defendant had "no knowledge or information sufficient to form a belief as to the allegations contained in the first paragraph of said complaint."

Notwithstanding the issue thus presented, it is claimed that the evidence given by plaintiff in support thereof should not have been received; that this, being a superfluous and immaterial allegation, invited the denial which was equally immaterial, thus rendering the issue itself immaterial with respect to which the evidence could not have been received. We do not regard it as entirely clear that plaintiff was bound to rest upon the legal presumption as to her good character, in view of the issue thus raised, but if we assume that the appellant is right and that the issue was a superfluous and immaterial one, no injury resulted to the defendant from such proof,

because apart from any testimony, the plaintiff would have been entitled to have the court charge that the law presumed her good character, in the absence of any claim or testimony to the contrary, was established; and we have been referred to no case wherein a judgment has been disturbed in admitting evidence in support of a fact which the law presumed.

The next exception relates to questions asked of plaintiff upon her re-direct examination, directed to eliciting information as to whether or not her mother had succeeded in getting rid of the lease of the house in Mt. Vernon, and what difficulty was experienced in finding a place for the sister. It is true that neither the mother nor sisters were parties to this action, but when we consider the justification afforded by the defendant for such testimony, we do not think that it can be regarded as a violation of the discretion vested in the court, in extending somewhat the scope of plaintiff's testimony. The defendant had indulged in a cross-examination, which was directed to discrediting the plaintiff's testimony relevant to her sufferings from the publication, by showing that thereafter she continued to reside at the place mentioned in the advertisement. We think that the inference thus sought to be raised against the plaintiff it was proper to rebut on re-direct, by allowing plaintiff to state the efforts which her mother had made to remove therefrom, and the impediments, among other things the sister's sickness, which delayed such removal.

The third exception relates to the introduction of the column in the defendant's paper headed "Astrology," and in which column the libelous advertisement, referring to plaintiff, was published. This exception we regard as untenable, for as said in *Kingsbury* v. *Bradstreet Company* (116 N. Y. 215): "The situation and surroundings of the most innocent expression may make it libelous, but they must be distinctly alleged and proved. The mere position in a newspaper of an advertisement apparently inoffensive, but surrounded by suggestive items, may make it a question for the jury whether it is libelous or not." The next exceptions to be considered are directed to evidence relating to the connection of Albert Pulitzer with the defendant. Such evidence tended to show that he was the editor and manager of its property and assets, and was empowered to determine what advertisements should go in or stay out; that the

character of advertisements similar to those published under the head of " Astrology " was called to his attention, and that he refused to exclude them from the paper. Also, that prior publications, substantially in the same form, appeared in the " Astrology Column," for which a higher rate was charged than for other kinds of advertisements.

Where, as here, the question of the good or bad faith with which a libelous article was published was at issue, the bearing that notice or knowledge of the character of such advertisement would have thereon, rendered, we think, such testimony competent.

The next exception relates to the excluding of certain questions asked by defendant on recalling plaintiff as to what her husband told her as to his object in going to the office of the *Morning Journal.* Considering the order of proof, which is always in the discretion of the court, and the absence of any good argument advanced for holding the plaintiff bound by her husband's conduct, or by the object which he had in view in visiting the office of the defendant, we do not think that the excluding of such evidence was error.

The next exception relates to testimony admitted of letters of an insulting character, received by the plaintiff, and also of visits made by men in the night-time to plaintiff's residence. It is true that no special damage upon this ground was alleged in the complaint, but we think it was competent to show in what sense the publication was understood by persons who, either by sending letters or making untimely visits in the night, annoyed and insulted the plaintiff.

The defendant, upon the close of plaintiff's case, moved to dismiss the complaint, and again, at the close of all the testimony, asked for a direction of a verdict in its favor upon the ground that the article was not libelous *per se.* We think that the denial of both these motions was right, and in view of the very satisfactory discussion of all the questions involved upon both motions, to be found in several recent cases in the Court of Appeals upon the subject of libel, we deem further discussion unnecessary. (*Moore* v. *Francis*, 121 N. Y. 203; *Moore* v. *The Morning Journal Association*, 123 id. 211; *Hughes* v. *Jones*, 116 id. 67, and *Warner* v. *The Press Publishing Company*, 132 id. 181.)

In addition to these exceptions which we have thus briefly referred to, a great number are presented by the refusals to charge

as requested by the defendant, and to exceptions taken to requests as made by the plaintiff. These we have considered and fail to find that any error was committed in the rulings of the trial judge, who not only passed upon an unusual number of requests presented by defendant, but in a fair and impartial charge presented every question in a manner as favorable as defendant could legally demand. The most serious exception urged upon our attention is that relating to the admissibility of the inquisition and adjudication that one George M. Storrs was a lunatic. It was shown that this man, who was the husband of plaintiff's sister, was responsible for the insertion of the libelous advertisement. His relation to the plaintiff, had he not been produced, would naturally have been commented upon unfavorably, and we do not understand that the appellant contends that it was incompetent to show that at the time he presented the advertisement he was a lunatic, thus rebutting any inference that it was authorized in any way by plaintiff. The claim, as we understand it, is that the acts of Storrs given in evidence, were prior to April, 1890, while the inquisition and adjudication that he was of unsound mind were in January, 1891. The record shows that the commissioners to inquire as to whether Storrs was of unsound mind and with respect to other matters were appointed by orders of this court, entered July 10 and 14, 1890, some few months subsequent to the publication. It may be that such a record is not even presumptive evidence that Storrs was of unsound mind at the time he was guilty of the acts given in evidence, but upon another ground, namely, to show the reason for the failure to produce Storrs as a witness for plaintiff, we think it was competent.

Upon examining the entire case we fail to find any error sufficient to justify our interfering with the verdict, and are, therefore, of the opinion that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., concurred.

FOLLETT, J. (dissenting):

I think this judgment is a meritorious one and would like to see it sustained, but am unable to concur in its affirmance, for the reason that I think the court erred in receiving evidence of the plaintiff's good character, it not having been assailed by the defendant. (*Houghtaling* v. *Kelderhouse*, 2 Barb. 149; affd., 1 N. Y. 530;

*Pratt* v. *Andrews*, 4 N. Y. 493 ; *Pink* v. *Catanich*, 51 Cal. 420 ; *Matthews* v. *Huntley*, 9 N. H. 146 ; 1 Whart. Ev. § 47, and cases there cited ; 1 Taylor's Ev. [8th Eng. ed.] § 362.)

In an action to recover damages caused by the publication of a libel, an allegation in the complaint that the plaintiff's character is good and a denial thereof in the answer does not raise a material issue. (*Chapman* v. *Pickersgill*, 2 Wils. 145–147 ; 1 Chit. Pld. [16th Am. ed.] 243 ; Moak's Van. Sant. Pldgs. 37, 255 ; Townsh. S. & L. [4th ed.] §§ 313, 314.)

A plaintiff does not become entitled to support by evidence an immaterial allegation which he has alleged in the complaint, because the defendant has chosen to deny it. The first fault was the plaintiff's in tendering the issue. (*Murray* v. *N. Y. Life Ins. Co.*, 85 N. Y. 236 ; *Pink* v. *Catanich*, *supra;* Abb. Tr. Brief Pldgs. § 734.)

I agree that the reception of evidence of certain facts which the law presumes to exist, would not be error. For example, if a plaintiff should allege that the Supreme Court had jurisdiction to render a particular judgment, evidence that it did have, though unnecessary, would not be a sufficient ground for reversing a judgment. And so it would be in regard to many facts which the law presumes to exist. But this is an action sounding in damages, which are largely in the discretion of the jury, and evidence that the plaintiff's character was good, would tend to greatly increase them. More than this, the plaintiff was a witness in her own behalf and evidence of good character would increase her credit with the jury.

The law presumes that witnesses are of good character, nevertheless it would be error for a party to show that the witnesses which he was about to call were of good character or that witnesses that he had called were of good character unless they had been assailed by his adversary.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment affirmed, with costs.