COLE v. BEYLAND.

(Supreme Court, Special Term, New York County.  January, 1901.)

PLEADING—PARTIAL DEFENSE AVERRED AS COMPLETE DEFENSE—EFFECT.
Under Code Civ. Proc. § 508, providing that a partial defense must be expressly stated to be a partial defense, where defendant, in an action for debauching plaintiff's wife, alleged that plaintiff, by his treatment of his wife, had alienated and destroyed any respect or affection she ever had for him, as a complete defense to the action, a demurrer must be sustained, since it was allowable only as a partial defense in mitigation of damages.

Action by George W. Cole against Louis Beyland.  Plaintiff demurred to defendant's answer.  Demurrer sustained.

Rollins & Rollins, for plaintiff.
John L. Linehan, for defendant.

McADAM, J.   The action is for debauching the plaintiff's wife and alienating her affections.   The defendant, after denying the allegations of the complaint, pleads, "as a separate and further defense, * * * that long prior to the times mentioned in * * * the complaint the plaintiff herein, by his unmanly, unkind, abusive, scandalous, niggardly, penurious, vindictive, and offensive treatment of the said Anna M. Cole [plaintiff's wife], alienated and destroyed any respect, regard, esteem, love, or affection which the said Anna M. Cole ever had, or might have had, for the plaintiff herein, and thereby deprived himself of any comfort, aid, or assistance of said Anna M. Cole which he otherwise might have had and enjoyed."   Obviously, the facts alleged gave the defendant no license to debauch the plaintiff's wife with impunity.   They go in mitigation of damages only. 2 Hil. Torts (4th Ed.) 509;  Add. Torts (7th Ed.) 596;  Sedg. Dam. (8th Ed.) § 480;  Palmer v. Crook, 7 Gray, 418;  Hadley v. Heywood, 121 Mass. 236;  Bunnell v. Greathead, 49 Barb. 106;  Coleman v. White, 43 Ind. 429.   Such matter in mitigation may now be pleaded as a partial defense (Bennett v. Matthews, 64 Barb. 410;  Bissell v. Publishing Co., 62 Hun, 551, 17 N. Y. Supp. 393);  and should have been so pleaded here, and expressly stated to be a partial defense only, to save it from demurrer (Code, § 508;  Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675;  Baylies, Code Pl. 221).   The matters aforesaid having been pleaded as a complete defense in bar of the action, the plea must be tested as such.   Thompson v. Halbert, supra.

It follows that the plaintiff's demurrer thereto must be sustained, with costs.